## WILLIAM HAKE v. WILLIAM E. BUELL.

*Ratification of sale—Formal demand before bringing trover—Partnership Discretion as to setting verdict aside.*

In trover for goods bought by defendant from plaintiff's wife, it was not error to refuse to charge that where friends or relations undertake to sell a man's property in his absence, very slight evidence is needed to prove ratification. The question is for the jury.

Trover for goods sold without the owner's authority or ratification, may be brought against the purchaser without formally demanding the goods beforehand.

A lawyer testifying as to matters bearing on an alleged partnership was asked, on cross-examination, whether one of the alleged partners signed any of the business bonds which witness had drawn up, and he answered negatively. *Held* that the question, though not conclusive, was relevant.

50  89
73  665

50  89
96  619

50  89
98  352

50  89
104  370

50  89
126  416

50  89
s14NW 710
132  6307

In trover by an assignee of the owner of the property, the question of the extent of the assignee's beneficial interest is rendered immaterial by a charge that the assignee could have no rights different from those of the owner, and would be affected with all his equities.

Questions as to the effect of partnership are disposed of by a sweeping charge that if there was any partnership, the action would not lie.

The discretion of a trial court in refusing to set aside a verdict, cannot be disturbed by the Supreme Court.

Error to Kent. (Montgomery, J.)    Jan. 12.—Jan. 18.

TROVER.    Defendant brings error.    Affirmed.

*McBride & Carroll* for appellant.

*D. E. Corbitt* for appellee.

CAMPBELL, J.    Hake sued Buell in trover as assignee of one Charles Scheidt for an amount of liquors and other saloon stock, which plaintiff claimed and defendant admitted were purchased by defendant of Scheidt's wife during his absence.    Scheidt had been keeping a saloon in Nashville, Barry county, and in December, 1881, left that place for a while, the saloon having been closed previously by reason of some trouble with the local authorities.    The stock appears to have been worth not far from $700, there being however a dispute as to the true value.    Buell bought it of Mrs. Scheidt for a consideration of not far from $200, and he claims also to have got a transfer from one Hobbs, the owner of the building, and whom defendant claims to have been a partner, for $150 or thereabouts more.    Mrs. Scheidt was induced to make the transfer upon the intervention of one Flint, an attorney.

After Scheidt returned in 1882 he had interviews with Buell, upon which the testimony conflicted.    He subsequently transferred his claim against Buell to plaintiff, who holds it substantially for his benefit.

The important questions relate to the express or implied authority of Mrs. Scheidt to sell, and the alleged ratification of the sale.    The other matters are of minor importance.

The court charged fully upon the question of ratification

in substantial accordance with the request of defendant except in one particular. He refused to charge that where friends or relatives undertake to sell a man's property during his absence, very slight evidence will prove ratification. We do not know of any rule of law which draws any such distinction. The argument belongs to the jury, and not to the court.

If the sale was neither authorized nor ratified, Buell could properly be sued without a formal demand. There was evidence, however, showing plainly that Scheidt endeavored to get the goods peaceably, and the testimony on this point was mixed up intimately with that of ratification, and the jury formed their own conclusion on all the facts.

It is complained that Flint, after testifying to various matters bearing on partnership, was improperly allowed on cross-examination to answer whether Hobbs signed any of the business bonds which Flint drew up. He answered negatively. We see no reason why this inquiry should have been excluded. Hobbs being alleged to have been interested as a partner, such a circumstance, while not at all conclusive, was not foreign to the matters under reference.

Inasmuch as the court charged distinctly that Hake could have no different rights than those of Scheidt, and would be affected with all his equities, the question of the extent of his beneficial interest was not material.

The court also having charged that if Scheidt and Hobbs were partners this action would not lie at all, the several questions as to the effect of partnership were all covered by this sweeping charge.

We cannot discover any error prejudicial to defendant. There was room for much discussion on the facts, but it was for the jury to settle those matters. The verdict may or may not have been correct. The court below refused to disturb it, and we cannot review the judicial discretion on that subject.

The judgment must be affirmed with costs.

The other Justices concurred.