52  105
58  193

## THE PEOPLE v. EDWARD M. ADAMS.

*Assault and battery.*

Conviction for assault and battery was set aside where the evidence tended to show that the act complained of was the forcible ejection of a tortious intruder by employees of the respondent who was an agent in charge of the premises.

Error to Kent.  (Montgomery, J.)  Oct. 19.—Dec. 20.

ASSAULT and battery.  Reversed and prisoner discharged. Adams was convicted of assault and battery on a Mrs. Taylor.  The record showed that as agent for his mother who owned a building which formerly belonged to the Taylors, but which they had lost on foreclosure, he caused Mrs. Taylor to be removed from it by some employees of his.  The Taylors had already been thrice ejected by writ of assistance, but had again entered clandestinely with a little furniture and had refused to leave on being ordered to do so by Adams.  He allowed Mrs. Taylor to remain all night and in the morning he again ordered her to leave, and on her refusal to do so one of Adams' employees broke in the door of her room.  As she was in an apparently unconscious condition, Adams directed his assistants to carry her out and take her to a neighboring hotel which they did.  She claimed to be injured in the transit and complained of Adams who was convicted in the Police Court of Grand Rapids and afterwards, on appeal, in the Circuit Court.

Attorney General *Jacob J. Van Riper* for the people.

*Edward M. Adams*, in person, and *Taggart & Wolcott* for respondent.  Force employed in defence of one's possession of realty is allowable: 1 Bish. Cr. Law § 977; 2 id. § 58; 1 Russell on Crimes (1st Am. ed.) *862; *Newton v. Doyle* 38 Mich. 645; *Hoag v. Pierce* 28 Cal. 187; *Voll v.*

*Butler* 49 Cal. 74; *Bowers v. Cherokee Bob* 45 Cal. 498; *McCarty v. Fremont* 23 Cal. 197; *Browne v. Dawson* 12 Ad. & El. 624; even though an intruder enters clandestinely: Cooley on Torts 168, 324; *Harrington v. People* 6 Barb. 607; *Com. v. Clark* 2 Met. 23; *Ayres v. Birtch* 35 Mich. 502; *Pond v. People* 8 Mich. 150; *Sterling v. Warden* 51 N. H. 218; *Blades v. Higgs* 10 C. B. (N. S.) 713; *Com. v. Kennard* 8 Pick. 132; *Harrison v. Harrison* 43 Vt. 417; *Stearns v. Sampson* 59 Me. 570.

PER CURIAM. The record tends to show that Mrs. Taylor was not in bona fide possession but was a mere tortious intruder.

But assuming it to be otherwise, there is no evidence that the defendant committed an assault and battery upon her.

[The judgment is reversed.]