MARTHA TAYLOR v. EDWARD M. ADAMS.

58    187
73   664
58   187
83    42
58       187
s24NW  864
d131  c101

*Effect of pleading—Election—Defense of principal's rights—Advice of counsel—Tortious entry—Ejection of intruder.*

1. After pleading and going to trial in an action begun by capias, defendant cannot insist on objections to the sufficiency of the affidavit for the writ.

2. A declaration in case contained two counts, one of which alleged the wrongful expulsion of plaintiff from premises occupied, and the other an assault and battery. *Held,* that as no inconsistency between these counts was pointed out, there was no error in refusing to require an election between them.

3. An agent's right to defend his principal's possession of premises is not affected by what he has said in the latter's absence about the latter's title, so long as he did not speak as agent, and has given no license to occupy the premises.

4. Advice of counsel as to his client's right to occupy premises, cannot give the client any greater right than he has already.

5. Evidence that an agent in defending his principal's possession, drew

a revolver on a policeman who approached, was *held* irrelevant in an action against him by the intruder, as the act did not take place in the latter's presence.

6. Identification of a lot as the one referred to in a lost document, states only a conclusion, if the witness cannot give the description, and is insufficient to show the contents of the paper.

7. Where the substance of a contract cannot be shown, evidence that a party has not forfeited his rights thereunder becomes immaterial, and on motion should be stricken out.

8. The clandestine entry of a claimant upon premises of which another has been given possession by legal process, makes one a tortious intruder whom the lawful possessor may expel by force, if need be. And if the intruder is accidentally injured in the process of expulsion, his own contributory negligence should be considered in fixing responsibility therefor.

9. The reputation of the house a witness rooms in is immaterial to the issue so long as the party in whose interest he is testifying is not responsible for it.

10. An instruction to the jury to disregard mischievous and improper testimony will hardly cure the error of allowing it to remain in the case until the close of the trial; and if so allowed the trial judge should remedy the injustice on motion for new trial.

Error to Kent. (V. H. Smith, J.) June 18.—Sept. 29.

CASE. Defendant brings error. Reversed.

*E. M. Adams* in person, and *E. F. Uhl* for appellant.

*Geo. W. Thompson* and *N. A. Earle* for appellee.

SHERWOOD, J. The plaintiff brought her action on the case against the defendant in the Kent circuit to recover damages for alleged personal injuries received at the hands of the defendant, his servants, agents and employees, on the 28th day of December, 1882, in forcibly ejecting her from a dwelling-house in the city of Grand Rapids. The declaration contains two counts. The first alleges the occupation of the dwelling-house by the plaintiff, and her wrongful expulsion by the defendant and others of his procuring; and the second alleges an assault and battery and consequent injuries.

The bill of exceptions contains all the evidence in the case, from which it appears that the house in question was two stories high, and with the lot upon which it was situated was formerly claimed and occupied by the plaintiff and her husband; that on the 27th day of May, 1878, Mary L. Boardman purchased the house and lot upon a sale made by a circuit court commissioner under a mortgage foreclosure in chancery, in a suit wherein the plaintiff and her husband, Charles M. Taylor, were parties defendant with others; that under and by virtue of a writ of assistance in the said suit, the said Taylors were ejected from the premises, and Mary L. Boardman was put in possession of the same by the sheriff of Kent county. On December 10, 1881, Mrs. Laura E. Adams, the mother of the defendant, purchased the premises at a sale made by the circuit court commissioner of Kent county, upon the foreclosure of a mortgage against Mary L. Boardman and others, defendants, among whom were Mrs. Taylor and her husband, and received the circuit court commissioner's deed therefor, and at the same time received possession of the premises from Mrs. Boardman under said deed, and remained in possession, and controlling and renting the same, through her agent, the defendant, down to the time of the assault complained of by plaintiff. Some of the time the premises were not all occupied by Mrs. Adams.

The evidence tends to show that a Mr. Crossman was occupying the premises last and was just moving out, when, without consent or permission from any one, or the knowledge of Mrs. Adams, the plaintiff and her husband forced an entrance into the building after Crossman had locked up the house and given the keys to Mrs. Adams, and having borrowed a few things of the neighbors, they having but recently returned from their residence in California, undertook to live in the house. It was under these circumstances that Mrs. Laura E. Adams went to the house on the day the plaintiff and her husband entered, and ordered them to leave, and on their refusal so to do, the force complained of and the injuries alleged to have been received by plaintiff

were the results of the efforts of the defendant and his helpers, acting as the agents of Mrs. Adams, in expelling the plaintiff from the premises. The defendant claimed the right, in behalf of his mother, and acting as her agent, she being the owner and in the possession of the property when the plaintiff made entry, to use all necessary means and sufficient force to remove the plaintiff therefrom, and that he used no more force than was actually necessary for that purpose. The plaintiff claimed that admitting the rights of Mrs. Adams to be as defendant claims them, still he used an excess of force and thereby made himself liable for the injury complained of. The cause was tried by jury, and a verdict rendered against the defendant for $3500.

The defendant appeals, and has filed seventy assignments of error, thirty-four of which relate to matters arising upon the evidence, twenty-six arising upon the requests to charge, and nine upon the charge as given by the court upon his own motion. Nine assignments were abandoned by counsel upon the argument. Motion was made to quash the writ and dismiss the proceedings on the ground that affidavits for the writ did not show a cause of action against the defendant nor the nature of the plaintiff's claims nor that the plaintiff had a cause of action. This motion was overruled and the rulings excepted to. There was no error in this. The defendant subsequently pleaded and went to trial, and final judgment was rendered. *Pardee v. Smith* 27 Mich. 38; *Manhard v. Schott* 37 Mich. 234; *Miller v. Rosier* 31 Mich. 475; *Baldwin v. Circuit Judge* 48 Mich. 525.

Upon the trial defendant's counsel moved the court to compel the plaintiff to elect upon which of the two counts he would rely. The motion was properly denied by the court. The counts were not inconsistent,—at least, no inconsistency was pointed out,—and the subsequent treatment of the motion by defendant's counsel very strongly indicates an abandonment of it. *Cook v. Perry* 43 Mich. 623.

On the evening before the alleged assault occurred, the defendant had a talk with the husband of plaintiff, in which

something was said about the claim of plaintiff and the amount he (Adams) had offered for it and the amount he was willing to give for it. Mrs. Laura E. Adams was not present, nor was the defendant acting for her at the time, so far as the record shows. We do not think the testimony was material but was calculated to prejudice the rights of the defendant in this case by showing that he admitted claims in the plaintiff which he denied in his defense as agent for his mother, and which must be held good in the latter to justify defendant as against the plaintiff in this action. The defendant's exception was well taken. The defendant's right to defend his mother's possession did not depend upon what he said about it or the title, so long as he gave no permit or license to the plaintiff to occupy the premises.

The objection to the conversation by Adams with witness Taylor about the amount Mrs. Taylor owed Peaslee, was subject to the same objection. Mr. Taylor's statement of what counsel had advised him as to his right or that of the plaintiff to take possession of the property was incompetent, and should not have been admitted. His counsel could give her no additional rights to those she had before, and tended in no way to authorize her to make the entry from which she was expelled by the defendant. The tendency of the testimony was mischievous.

While the defendant and his employees were carrying out the stove, Mrs. Taylor, by her outcry, attracted the attention of a policeman, who came to the premises and made some inquiries in regard to the matter, which the defendant regarded evidently as an interference; and after telling him he was protecting the property of his mother, drew a revolver and gave the officer to understand he must not enter the building. This testimony was objected to as immaterial and irrelevant. The court permitted the testimony to be given. It does not appear that the commotion occurred in the presence of Mrs. Taylor, or within her hearing. We think the testimony should have been excluded. Its tendency was to unduly impress upon the minds of the jury that the act complained of was committed with a degree of violence not at

all attributable to the defendant, and could hardly fail to have that effect, accompanied by the statement of the court in making the ruling that "it tends to characterize and throw light upon the transaction."

The conversation testified to by plaintiff's witness, Oliver N. Taylor, in which, about a month before the injury complained of, defendant told him that he "would give fifty dollars and pay the Peaslee contract for Mr. Taylor's interest," or something to that effect, was clearly immaterial, and should not have been admitted, for reasons hereinbefore given, and for the same reasons the examination of defendant as to the same matter when he was on the stand as a witness, and also as to his conversation with Church about the Peaslee contract, were incompetent and it was error to admit them.

The plaintiff showed by Church and others the loss of the Peaslee contract with Mrs. Taylor, and then undertook to prove the contents of the contract by the witness; and he was allowed, without being able to give the description or number of the lot stated in the contract, to state he knew the lot, and that it was the same one in question in this suit. This testimony was insufficient to show the contents of the written instrument, and the exception was well taken. It gave the witness' conclusion, instead of the substance of what was stated in the instrument.

The testimony relating to this contract being inadmissible, the conveyance from the Auditor General to Peaslee and from Peaslee to the plaintiff in pursuance of the contract, for the purpose of showing that the plaintiff had not forfeited her rights thereunder, became unimportant and was erroneously admitted. This evidence was well calculated to mislead the jury. All the testimony tending to show title to the premises in the plaintiff was of the same character and subject to the same objection so long as it appeared by evidence undisputed that Mrs. Adams was in possession of the property under the commissioner's deed, and placed there by order of the court. The entry of the plaintiff under such circumstances in the manner she did, as shown in this record, was unlawful and gave her the character in the trans-

action, as was well said by the Chief Justice in the case of *People v. Adams* 52 Mich. 105, of a tortious intruder, and in such case she could be expelled by the lawful possessor by the use of force necessary for that purpose. Cooley on Torts, 168, 324; *Com. v. Clark* 2 Met. 23; *Ayres v. Birtch* 35 Mich. 502 ; *Pond v. People* 8 Mich. 150 ; *Blades v. Higgs* 10 C. B. (N. S.) 713.

The questions put to witness Engleman by plaintiff's counsel for the purpose of showing the kind and reputation of the house where he had his room had better not have been admitted ; the defendant was in no way responsible for that, and the testimony was immaterial.

The defendant's motion to strike out all the testimony relating to the Peaslee contract and its contents as given by witness Church, and the deeds hereinbefore referred to from the Auditor General to Peaslee and from him to the plaintiff, should have been granted. Their irrelevancy was sufficiently apparent at the time this motion was made.

The direction of the court to the jury that they should not consider the matter of the defendant's having and exhibiting the revolver to prevent other persons from entering the building, " as bearing upon the question as to whether excessive force was used or not," did not cure the error in admitting the testimony. This evidence had been allowed to remain in the case till the close of the trial, and it is scarcely possible that this direction of the court at so late a stage of the trial could have very greatly removed the prejudicial effect the objectionable testimony had wrought in the minds of the jury, and it is not proper to subject the rights of parties to such hazard upon the trial of a cause ; and this fact should exhort to the utmost caution in the admission of this class of testimony upon the trial. It not unfrequently occurs that the real facts in the case raising the vital questions upon which the determination of the rights of the parties depend are completely obscured before the jury by the introduction of testimony of a sensational character, accompanied by explanatory statements of counsel which have no proper place in the proceedings. The trial court

alone can prevent injustice from being done, when such testimony is resorted to, upon a motion for a new trial. It is not often it is within the province of this Court to apply the remedy.

We have now considered all the objections to the rulings of the court relating to the testimony that we care to discuss. There were other exceptions taken which might properly be sustained, but it is not probable that a recurrence of them will be made necessary upon a new trial. We shall not attempt a review of all the exceptions taken to the charge and refusals to charge; neither do we deem it necessary. The court correctly told the jury in his charge that, upon the undisputed facts in the case, "the plaintiff, when she was in those rooms or in that building    *    *    *    she was an intruder upon the possession of Mrs. Adams; that she was a trespasser, had no right there, and hence the defendant had a right to put her out    *    *    *" and that "the defendant had the right to use such reasonable force as was necessary for that purpose; that it was her duty to go out upon request." The plaintiff refused to go out when requested, and told the defendant "she would not be carried out except as a corpse." This of course necessitated the use of force to remove her, and required upon the part of those doing it the exercise of reasonable care and prudence. For accidental injuries occurring to her in the effort to make such removal, and which were occasioned by the plaintiff's persistence in the wrongful course she was pursuing, the defendant could not be made responsible; and in this connection we think the court should have given the defendant's ninth, tenth, twentieth, twenty-first, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, thirtieth, thirty-second, forty-first, and forty-ninth requests to charge. The testimony in the case clearly warranted these charges, and we do not find them or the substance of either sufficiently presented in the charge as given by the court.

The defendant's sixty-second assignment of error is to the following clause of the charge given by the court upon his own motion, viz.: If the defendant "used a

greater degree of force than was reasonably necessary,—if he used force in excess of what was reasonably necessary for the purpose of ejecting her,—then he is liable for the results that necessarily followed such excess, in actual damages to compensate her for the injuries which followed such excess of force." This was erroneous. It leaves out of consideration by the jury any contributory element by the plaintiff which was wrongful, necessarily calculated to induce the very excess complained of, and which, if the jury found existed, would relieve the defendant of all the claimed liability; and this infirmity is found in nearly every portion of the charge excepted to by the defendant's counsel, and we do not deem it necessary to consider the exceptions further. They are all well taken, wherein this element is found wanting.

The defendant's thirty-fifth and thirty-sixth requests state the law correctly upon the subject of damages, and should have been given by the court.

The importance of this case has made a somewhat extended review of the questions presented necessary, and the conclusions we have reached are necessary to protect the rights of the parties as they appear upon this record.

The judgment must be reversed and a new trial granted.

Campbell, J. concurred.

Cooley, C. J. I concur in the result.