FREDERICK WIEST V. JOHN LUYENDYK.

*Pleading—Variance—Capias—Waiver of defects in affidavit for writ—New trial—Writ of error.*

1. A defendant in a *capias* suit cannot, after pleading and going to trial on the merits, raise the question of the insufficiency of the affidavit to hold to bail, by writ of error. *Pardee v. Smith*, 27 Mich. 38: *Miller v. Rosier*, 31 Id. 475; *Manhard v. Schott*, 37 Id. 234; *Baldwin v. Circuit Judge*, 48 Id. 525; *Taylor v. Adams*, 58 Id. 187.

2. An allegation in a declaration for slander that the defendant charged the plaintiff with larceny from a "butcher shop" is supported by proof that the charge was of larceny from a "meat market."

3. The denial of a motion for a new trial in a civil case will not be reviewed on writ of error. *Hake v. Buell*, 50 Mich. 89.

Error to Kent. (Montgomery, J.) Argued January 11, 1889. Decided February 8, 1889.

Case for slander. Defendant brings error. Affirmed. The facts are stated in the opinion.

*S. Wesselius,* for appellant, contended:

1. A motion to dismiss was made before pleading, and denied, and upon the trial it appeared with certainty for the first time that the averment in the affidavit, that the plaintiff was cognizant and had full knowledge of the facts set forth, was false, and that it was really made upon information and belief, and was consequently defective, and the motion was renewed and again denied, which was error; citing *Proctor v. Prout*, 17 Mich. 473; *Swart v. Kimball*, 43 Id. 451.

2. The affidavit upon which a person is held to bail must be of the same legal quality, as evidence, as would be required at the trial to establish the facts set up or relied on for cause of arrest; citing *Sheridan v. Briggs*, 53 Mich. 569.

3. The defendant was led to submit to the jurisdiction of the court by an affidavit that was an imposition on the court and himself, and which was contradicted on the trial by witnesses for

the plaintiff and by the plaintiff himself, and when so obtained it should not be maintained over him; citing *Brown v. Kelley,* 20 Mich. 27.

4. Where the declaration contains no averments of special damage to plaintiff's business, evidence of the same is inadmissible; citing Townsh. Sland. & Lib. 593; *Squier v. Gould,* 14 Wend. 159; *Strang v. Whitehead,* 12 Id. 64; and the answer objected to, that defendant came in two or three months afterwards, and took plaintiff's customers away, was not admissible as tending to show malice, as it was not shown that it was in any way connected with the slander, nor was it a repetition of it, and it should have been stricken out; citing *Leonard v. Pope,* 27 Mich. 149; *Bodwell v. Swan,* 3 Pick. 376; *Thomas v. Croswell,* 7 Johns. 264.

5. By the disclosure of the sealed verdict, and its publication, the defendant's right to poll the jury previous to their discharge was jeopardized and rendered useless to him. Parties have a right to have the jury polled; citing *Warner v. Railroad Co.,* 52 N. Y. 437; *Nims v. Bigelow,* 44 N. H. 376; *Rigg v. Cook,* 9. Ill. 336; *Bunn v. Hoyt,* 3 Johns. 255; and it makes no difference whether the verdict is sealed or delivered *ore tenus* by the foreman; citing *Fox v. Smith,* 3 Cow. 23; and if any of the jurors dissent the verdict cannot be received; citing *Lucas v. Marine,* 40 Ind. 289; and the public are concerned in not having the deliberations of the jury reported for news-gatherers and scandal-mongers outside; citing *People v. Knapp,* 42 Mich. 271.

*William H. Haggerty,* for plaintiff, contended:

1. After appearance by giving bail it was too late to make any further objection to the sufficiency of the affidavit; citing *Stewart v. Hill,* 1 Mich. 265; nor, if error was committed in the denial of the motion to dismiss, can it be reviewed after pleading to the merits and a trial had thereon; citing *Miller v. Rosier,* 31 Mich. 475; *Manhard v. Schott,* 37 Id. 234; *Baldwin v. Circuit Judge,* 48 Id. 525; *Taylor v. Adams,* 58 Id. 187.

2. No variance between the allegations in the pleadings and the proof is material unless the adverse party be misled or surprised by the evidence; citing *Lothrop v. Southworth,* 5 Mich. 436.

LONG, J.    This is an action on the case for slander, brought in the circuit court for the county of Kent. The suit was commenced by *capias ad respondendum,* and

the plaintiff had judgment for $75.    Defendant brings the case to this Court by writ of error.

The writ was issued on February 2, 1887, and on April 8, 1887, plaintiff filed and served his declaration.    Defendant moved to quash the writ for the reason that the affidavit upon which the writ was issued was insufficient. On May 2, 1887, the motion came on to be heard, and was denied by the court.    Defendant then pleaded to the declaration, and the cause proceeded to trial upon the merits, resulting in verdict and judgment for plaintiff.

The allegations in the affidavit for the writ are—

" That the plaintiff is a butcher in the city of Grand Rapids, and that he has been engaged in the retail meat market business for one year and six months; that on or about January 3, 1887, he had two turkeys in his meat market, which he had that day purchased, and on the same day he had sold one of the turkeys for seventy-five cents; that the defendant, on January 29, 1887, did falsely and maliciously slander and impute a crime to plaintiff by speaking and publishing to and in the presence of one Louis Seyforth and one R. J. Graff, and other persons then and there present in the business place of the said defendant in said city, saying to them, the above-named persons:  'Fred Wiest is a thief; he stole two turkeys from a butcher, and sold them for seventy-five cents apiece,' and other words to that effect; that by reason of the slanderous words so maliciously spoken by defendant people will have no dealing with plaintiff, and it thereby does great damage to his business and character; that plaintiff is cognizant and has full knowledge of the facts set forth in the affidavit, and believes he has a cause of action," etc.

After the jury was sworn in the case, the defendant again moved the court to dismiss the writ, setting out in his motion the reasons therefor.    This motion was overruled by the court.    Error is assigned upon the ruling of the court in denying defendant's two motions to dismiss.

Even if the affidavit was insufficient, the defendant is

not now in a position to insist upon this allegation of error. He had pleaded to the declaration, and gone to trial upon the merits. If he had desired to test the sufficiency of the affidavit upon which the writ was issued, a way was open to him, but he cannot, after pleading, and trial upon the merits, and judgment, raise the question by writ of error. *Taylor v. Adams,* 58 Mich. 187 (24 N. W. Rep. 864); *Pardee v. Smith,* 27 Id. 38; *Manhard v. Schott,* 37 Id. 234; *Miller v. Rosier,* 31 Id. 475; *Baldwin v. Circuit Judge,* 48 Id. 525 (12 N. W. Rep. 686).

Error is also assigned upon the ruling of the court in permitting the answer of the plaintiff to the following question to stand:

"*Q.* He never said anything to you after that, did he? Did John ever talk to you after that?
"*A.* Oh, the next time I saw him I could not tell. Two or three months he came in, and took all the most of the customers away."

Defendant's counsel moved to strike out this answer, as the declaration contained no averment of damage to plaintiff's business. The court overruled the motion, saying:

"It does not tend to show that he was in fact injured; it was only a threat; it tends to show malice."

We see no error in this, and the whole case was fully covered by the charge of the court on the question of damages.

Defendant's counsel also contends that there was a variance between the declaration and the proofs offered by the plaintiff, in that the declaration alleges that defendant charged plaintiff with having stolen two turkeys from a "butcher shop," while the proofs showed that defendant charged the plaintiff with having stolen them from a "meat market." This is too frivolous to

need comment. While it is true that the proofs must support the allegations in the declaration, yet a "butcher shop" and "meat market" are interchangeably used, and commonly used as synonymous terms, and no one would claim to be misled or surprised by this change of terms. The words proved support the declaration.

The whole question was submitted to the jury under a very full and fair charge by the court. One other question remains to be noticed. The trial of the case was concluded about 4 o'clock in the afternoon of October 14, 1887. The jury were instructed by the court to return a sealed verdict into court the next morning at 9 o'clock. It appears that the jury arrived at a verdict on that evening, which was written down, and signed by all the jurors. On the next morning, before the hour of 9 o'clock, an article appeared in the Telegram-Herald and the Daily Democrat, two newspapers published in the city of Grand Rapids, announcing the verdict of the jury in favor of plaintiff for $75. These papers were read by or to most of the jurors before they were called to their seats in the jury-box at 9 o'clock. Defendant's counsel, after verdict and judgment, entered a motion to vacate the verdict and judgment for the reasons above stated. This motion subsequently came on to be heard, and was denied by the court. This ruling of the court in denying the motion is assigned as error. This motion was addressed to the judicial discretion of the trial court, and his ruling will not be disturbed. *Hake v. Buell,* 50 Mich. 89 (14 N. W. Rep. 710).

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.