Edward W. Harris, Executor, etc., v. Martha L. Cable.

*Executors and administrators—Assets of estate—Estoppel—Trover.*

1. An executor has no power, on receiving from one of two residuary legatees a note which in fact belongs to the estate, but which the legatee claims to own as a gift from the testator, to authorize the legatee to collect the note and convert the proceeds to her own use.

2. The collection of the note by the legatee in her own right, and the appropriation by her of the moneys collected, amount in law to a conversion, and the executor can maintain trover without demand against the legatee for the conversion of the note.[1]

Error to Saginaw. (Wilber, J.) Argued January 24, 1895. Decided March 19, 1895.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Humphrey & Grant,* for appellant.

*Hanchett & Hanchett,* for defendant.

Montgomery, J. Jacob F. Batchelor died January 3,

---

[1] As to when a demand is and when it is not necessary before bringing trover or replevin, see *Aspell v. Hosbein,* 98 Mich. 117, and note; *Crozier v. Partrick,* 98 Id. 349; *Havey v. Petrie,* 100 Id. 190; *McGregor v. Cole,* 100 Id. 262; *Guerold v. Holtz,* 103 Id. 118; *Felcher v. McMillan,* 103 Id. 494.

1892, leaving a last will and testament, by which he bequeathed certain sums of money to his son, Henry A. Batchelor; made certain bequests to the defendant, Martha L. Cable, who had been a member of his household for many years; made certain minor bequests to other persons in his employ, and to public charities; and concluded by making his son and the defendant, Martha L. Cable, his residuary legatees, to share in the estate equally after the payment of the specific legacies. This action is in trover, brought by the executor to recover for the conversion of a note of $5,000, made on the 3d of June, 1891, by McCausland & Co., payable to the order of W. A. Avery, due one year after date, and indorsed by said Avery.

There was evidence on the trial tending to show that after the funeral of the testator, in the presence of the executor and defendant, Henry A. Batchelor mentioned the note in question, and the defendant bowed her head, and said, "Yes; it is amongst his papers." It is also conceded by defendant that the note was worth its face; "that McCausland & Co. paid the note to the bank; and that Miss Cable got the benefit of it, and that she (the defendant) got the proceeds." The executor was himself sworn for the plaintiff, and stated that he had seen the note in question; that Miss Cable handed it to him at the former residence of Mr. Batchelor, in Saginaw; that it was handed to him with certain bank books of Mr. Batchelor's; that he did not know whether he took the note in his hands or not; that he did not know where she got the note, but that she went out of the room, and returned with the note and other papers; that, soon after he had filed his bond as executor and qualified, he went to the house, and took whatever papers he thought best of Mr. Batchelor's; that at that time a similar note to the one in suit was shown him; that he had it in his hands; that he handed the note back to defendant; that he never after-

wards demanded it of her, or asked it of her in any way; that prior to the commencement of the suit he had never made claim for the note. On cross-examination he testified that when defendant brought this note to him she told him about the note,—that it had been given to her,—and then stated: " We talked about that and the other matters, and I gave her back the note, and later on I went and got the bank books and other papers." And when asked if he did not state, when he handed the note back to her, that the note belonged to her, and not to the estate, and to keep it, he answered: " In substance, I did. I cannot undertake to give the language." He was then asked, " Did you not, in an interview there at Port Huron, upon being asked by her about the note, tell her to collect the money, and deposit the money to her own account?" and replied: " I don't remember making any such remark to her. It would not be strange, however, if I did."

Defendant testified that on the occasion when the will was read Mr. Henry A. Batchelor asked her what his father ever did with the McCausland note, and she answered that the McCausland note was all right, and that that was all that passed; that she did not say that it was among the papers belonging to the estate. She testified that subsequently Mr. Harris called for Mr. Batchelor's books and some notes, and she then said to him, " Mr. Harris, you remember Mr. Batchelor asked me what his father did with the McCausland note?" and stated, " This is the note," and handed the McCausland note to him; that he (Harris) looked at it, and handed it back, and said, " I have nothing to do with it, that is yours; put it away, and take care of it;" that subsequently, after the appointment of Judge Harris as executor, she mentioned the fact to him that the note would be due on the 3d of June, and asked if she should collect it, saying, " Have you any advice to give me?" and he answered

"No; collect it, and deposit it to your own credit, and go along about your business." There was also testimony offered by the defendant for the purpose of establishing that the note was given to her by the deceased in his lifetime. This consisted of an indorsement upon the back of the note by the deceased, not necessary, however, for the purpose of conveying title, and of proof tending to show that, as the interest money was collected, deposits were made by her on her bank account, corresponding in every instance to the amount of interest money paid, and also her own testimony that she had no other source of income.

The circuit judge directed a verdict for defendant on the ground that the testimony did not tend to show a conversion of the note.

Defendant's counsel in this Court contend that the record does not show that any claim was made at any time by the defendant of title to the note as against the estate, and that she never asserted ownership as between her and the executor, or between her and Henry A. Batchelor. But we think it is clear from the testimony quoted that both the defendant and the executor did understand that she was asserting a title to this note, and that she retained it, not as the agent of the executor, but under a claim of right in herself, and that she so collected and appropriated the proceeds.

It is insisted by defendant's counsel that under the statute (How. Stat. § 5875) the executor was not required to take possession of the note, if, for any good reason, he did not see fit to do so. The case of *Brown v. Forsche,* 43 Mich. 497, is cited to sustain this proposition. In that case the administrator allowed the widow and children of the intestate to take possession of and dispose of the assets belonging to the estate after the time limited for making proof of claims against the estate had expired, and the

question arose as to whether he was in fault in so doing, so that he became liable to respond for the demand of a creditor who subsequently came in by petition and proved his claim after the lapse of the time prescribed by statute, and the Court held that he was not so liable. So the Court has held in numerous cases that a specific legacy may be paid over to the legatee by the executor before the settlement of the estate, whenever the condition of the assets of the estate may admit of it. See *Eberstein v. Camp*, 37 Mich. 176; *Proctor v. Robinson*, 35 Id. 284. So it has been held that the executor is not required to take possession of the real estate unless the rents and profits or the estate itself be required for the payment of the debts of the deceased. But we think these cases are not controlling here. This is not a case where an advance has been made by the executor to a legatee under the will, but it is a case in which the jury had the right to find, and in which the evidence very clearly indicates, that the defendant was asserting an adverse claim to specific property, the title to which vested in the executor at the decease of the testator. There could be no doubt about the right of the executor to demand the possession of the note, and there would have been no doubt of the right to recover the note into his possession by replevin if delivery had been refused, and we think it would be equally clear that he would have the right to recover in trover after demand and refusal.

But it is said that defendant has done nothing more with the note than the executor authorized her to do. The answer to this contention is that, if the note was in fact the property of the estate, the executor had no power to authorize her to collect this note and convert the proceeds to her own use. See *Gilkey v. Hamilton*, 22 Mich. 283; *Hatheway v. Weeks*, 34 Id. 237. She must be pre-

104 MICH.— 24.

sumed to know the law. Whatever she did in the matter, she did knowing that she had no authority. The case presented is different than it would be had she, being a proper custodian of this note, simply retained possession of it. She has gone further than this. She has converted and disposed of it, and applied the proceeds to her own use, not in recognition of the right of the executor, but in denial of that right. This amounts in law to a conversion. *Hake v. Buell*, 50 Mich. 89; *Kenney v. Ranney*, 96 Id. 617; *Tuttle v. Campbell*, 74 Id. 661; Cooley, Torts, 451.

The authorities cited to sustain the proposition that the executor is not bound to institute suit to recover a doubtful claim, if he is satisfied that it is not enforceable, we think do not affect the question here involved. The question is not whether the executor will be chargeable for negligence in not having inventoried this note as an asset of the estate, or for failing to attempt the collection of the proceeds, in a case where the question arises between the distributee, as such, and the executor; but the question here is whether, in a suit instituted by the executor himself against this defendant, the note was in fact the property of the estate, and, second, whether the proper remedy has been adopted. The first question is a question of fact, and the latter question, we think, is resolved, when it is determined that as a matter of law this executor had no right to surrender up to this defendant a note which in fact belonged to the estate, upon her mere claim of right. Defendant, with knowledge of that rule of law, having converted and disposed of the note, is liable in trover without demand.

The judgment will be reversed, and a new trial ordered.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.