BAXTER *v.* WOODWARD.

1. APPEAL AND ERROR—MOTIONS—QUASHING WRIT—CAPIAS—MANDAMUS—PROPER REMEDY.

Any error of the lower court refusing to quash a writ of capias in trover should be raised by mandamus or habeas corpus before pleading; after final judgment the motion is not subject to review.

2. SAME—IMPEACHMENT—TRIAL.

The objection that no foundation was laid for impeaching questions at the trial could not be considered on error where the only objection made in the lower court was that the testimony was immaterial.

3. TROVER AND CONVERSION—WRONGFUL USE.

Defendant, who used an automobile that plaintiff left in his possession to sell, and, against the objection of plaintiff, drove the car about, finally meeting with an accident or collision and injuring the automobile, was liable to the owner in trover for the damage so caused, whether or not the collision was accidental.

4. SAME—BAILMENTS.

The general rule is that if a bailee, having authority to use a chattel in a particular way, uses it in a different manner, or to a greater extent than he was authorized to do, such unauthorized use is a conversion of the chattel, for which the bailor may maintain trover.

5. SAME—DEMAND—ACTIONS.

And, the evidence tending to show that there was a conversion, no demand was required.

6. SAME—RETURN

In case the car had been returned or tendered back to plaintiff the fact might have been considered in mitigation of damages, but not as a bar to the right of action.

7. RULE OF DAMAGES.

The court correctly instructed the jury that the measure of damages should be the value of the car at the time of conversion, with interest.

Error to Wayne; Cross, J., presiding. Submitted May 6, 1916. (Docket No. 112.) Decided June 1, 1916.

Trover by William C. Baxter against Frank M. Woodward for the conversion of an automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cornelius & Ring*, for appellant.

*Charles Bowles*, for appellee.

STONE, C. J. This action was brought to recover damages for the alleged unlawful conversion of an automobile belonging to the plaintiff, which he, in May, 1913, placed in the possession of the defendant to be sold on commission. Both parties resided in the city of Detroit. Upon the trial it was the claim of the plaintiff that the car was of the value of $660, and that defendant was authorized to sell it for that sum and retain a commission of $60. The plaintiff further claimed that when the car was placed in the hands of the defendant it was the agreement that the car should be driven only so that prospective buyers could examine and demonstrate it. Later the plaintiff claimed that he learned and became aware of the fact that the car was being driven by defendant for his own purposes or pleasure, and for other than demonstration purposes, and he finally gave instructions to defendant not to drive the car under any circumstances except when the plaintiff was present and gave permission to take the car out, and that defendant agreed to this arrangement and promised to paint the tires with white paint and put the car in the front window for exhibition to prospective buyers. Plaintiff testified:

"In this way I could see whether it had been driven, with the white paint on the tire."

That defendant did not do as he agreed in that regard, but, on the contrary, on or about the 10th day of August, 1913, defendant drove the car to Ann Arbor without the knowledge or consent of the plaintiff, and upon his trip back to Detroit on the night of that day the defendant got the plaintiff's car in a collision with another car and injured the plaintiff's car, rendering it almost worthless. The plaintiff described said injuries as follows:

"The lights on one side were broken. The speedometer was gone altogether. The frame was bent in several places, and broken entirely in one place. The clutch that holds the springs onto the axle were sheared right off. The axles were bent back. One of the doors was torn, and—well, there were some minor things. The steering gear was wrong. There was a dent in the radiator. The steering gear was all bent up so you could not work it at all."

That defendant admitted that he had received $200 for the injuries to the car from the man who ran into it. Plaintiff claimed that defendant said he would repair the car, but never did so, and the plaintiff brought this action in trover, and caused the arrest of the defendant upon a *capias ad respondendum*.

At the trial there was testimony tending to support the claims of the plaintiff. There was a sharp conflict in the evidence, the defendant claiming and testifying that he had permission from the plaintiff to use the car for demonstration purposes, and that he had express permission from the plaintiff to drive the car to Ann Arbor and exhibit it to a prospective buyer, and that the injury to the car was without fault on his part, and that plaintiff had agreed to a settlement, and that he had expended about one-half the money he received as damages to the car, towards its repair.

The case presented a sharp issue of fact, the parties not agreeing upon a material question involved, unless it be that the car was never returned to, or tendered to, the plaintiff. At the close of the plaintiff's testimony, defendant moved for a directed verdict upon the ground that the property was injured without fault of defendant, and that an action of trover would not lie for injury to, or destruction of property unless defendant was guilty of tortious conduct, or the accident was the result of wrongful conduct of defendant, and that there was no proof of a demand or refusal to return the property. The motion was denied and exception taken. Again, at the close of all the testimony, the said motion was renewed, with the further reason that, if there was any conversion of the property, it was waived by a subsequent agreement of the parties whereby the plaintiff agreed to accept the car provided it was repaired; and, if there was a failure on the part of the defendant to repair the car, it was simply a breach of contract or agreement that constituted a complete waiver of any tort. This motion was also denied and exception taken. The case was submitted to the jury, and the trial resulted in a verdict and judgment for the plaintiff for $720 and costs.

The charge of the court, after stating the respective claims of the parties, was in substance, as follows:

"If you find from the evidence in this case that the defendant was driving the plaintiff's automobile on the 10th day of August, 1913, contrary to and against the instructions of plaintiff, such act or use of the car by defendant would constitute an act of conversion, and defendant would be liable in trover to the plaintiff for the market value of his automobile at that time, and in such case your verdict should be for the plaintiff. The extent of the damage to the plaintiff's automobile, or the question as to who was to blame for the collision in which it was damaged, has nothing to do with defendant's liability in this case. The sole

question for you to answer in determining the defendant's liability is whether or not he was driving the plaintiff's automobile on the 10th day of August, 1913, in violation of and contrary to the instructions of the plaintiff; and, if you find such to be the case, your verdict should be for the plaintiff for the market value of his automobile at that time with interest thereon to date at the rate of 5 per cent.   *   *   *   The plaintiff in this case cannot recover unless the plaintiff establishes by a preponderance of the evidence that a wrongful use was made of the car at the time of the injury. If you find from the evidence that defendant at the time the car was injured was driving the car while returning from a demonstration thereof, and that such demonstration was with the consent of the plaintiff, then your verdict must be no cause of action."

The defendant has brought the case here upon writ of error, there being 20 assignments of error.

It appears that before pleading the defendant made a formal motion, in writing, to quash the writ of capias for insufficiency of the affidavit for the writ. The motion was denied and exception taken on June 6, 1914. On September 30, 1914, the defendant pleaded the general issue, with notice of special matter.

The first assignment of error is that the court erred in overruling defendant's motion to quash the writ. We must hold that this question is not before us upon writ of error, after judgment. The error, if any, in the ruling of the court in denying the motion to quash, should have been raised by *habeas corpus* or mandamus before pleading. It is not subject to review on writ of error after final judgment. *Miller* v. *Rosier,* 31 Mich. 475; *Taylor* v. *Adams,* 58 Mich. 187 (24 N. W. 864) ; *Wiest* v. *Luyendyk,* 73 Mich. 661 (41 N. W. 839) ; *Graham* v. *Circuit Judge,* 108 Mich. 425 (66 N. W. 348) ; *H. J. Cheney Co.* v. *Allgeo,* 165 Mich. 384 (130 N. W. 593) ; *Reed* v. *McCready,* 170 Mich. 532 (136 N. W. 488) ; 1 Stevens' Mich. Practice, § 216.

The next 14 assignments of error relate to the al-

leged rulings of the trial court upon the introduction of, and refusal to strike out, testimony. Counsel for appellant says of them:

"While perhaps no one of these would be sufficient to reverse the case standing alone, yet the cumulative effect of all of them had a prejudicial effect upon the jury and would logically have a tendency to increase the amount of the verdict."

There was no motion for a new trial, and the question of an excessive verdict is not before us.

We have examined each of said assignments of error, and are of opinion that no reversible error appears in any of said rulings. Some of them present questions which we cannot consider. For instance, assignments 11, 12, and 13 relate to the admission of certain testimony offered as tending to impeach a witness. The argument is to the effect that no foundation was laid for such impeaching questions. A reference to the record shows that no such objection was made at the trial. The questions were objected to as immaterial. The attention of the trial court was not called to the question discussed by counsel. We cannot consider an objection to evidence, not brought to the attention of the trial court, or based upon exception. *Baker* v. *City of Detroit*, 166 Mich. 597, 600 (132 N. W. 462).

The remaining assignments of error are discussed by appellant's counsel under three heads, to the effect that a verdict should have been directed for the defendant, for the following reasons:

(1) That plaintiff showed no conversion of the property.

(2) That there was no demand.

(3) That the parties agreed between themselves to waive the tort, and that defendant should repair the car.

1. If the jury believed the testimony of the plaintiff, and they seem to have done so, they were justified

in finding that there was an unauthorized use of the car by the defendant that would amount to conversion.

The general rule is that if a bailee, having authority to use a chattel in a particular way, uses it in a different way, or to a greater extent than authorized, such unauthorized use is a conversion of the chattel, for which the bailor may maintain trover for its value. It is a conversion for a bailee for hire, to apply the thing hired to a purpose other than that agreed upon in the contract of hire. This principle has been applied where a horse was killed or injured while being driven or ridden by the hirer to a place not mentioned in the contract of hire. *Fisher* v. *Kyle,* 27 Mich. 454; *Daggett* v. *Davis,* 53 Mich. 35, 38 (18 N. W. 548, 51 Am. Rep. 91) ; *Wheelock* v. *Wheelwright,* 5 Mass. 104; *Hall* v. *Corcoran,* 107 Mass. 251 (9 Am. Rep. 30) ; *Collins* v. *Bennett,* 46 N. Y. 490; *Cartlidge* v. *Sloan,* 124 Ala. 596 (26 South. 918) ; *Palmer* v. *Mayo,* 80 Conn. 353 (68 Atl. 369, 15 L. R. A. [N. S.] 428, 125 Am. St. Rep. 123). See note to this case in 12 Am. & Eng. Ann. Cas. 692. *McCurdy* v. *Furniture & Carpet Co.,* 94 Minn. 326 (102 N. W. 873). See lengthy note to this case in 3 Am. & Eng. Ann. Cas. 470.

2. Was a demand necessary? There must be a demand or an act of conversion. If there was a conversion of the property by defendant, no demand was necessary. *Hennes* v. *Hebard & Sons,* 169 Mich. 670, 676 (135 N. W. 1073) ; *Williams* v. *Rogers,* 110 Mich. 418 (68 N. W. 240).

3. Whether there was a settlement, or the waiver of the tort, was a question of fact. In our opinion there was no competent evidence of a settlement. There was, at most, only talk of a compromise; but no settlement was reached, as appears from the record. Had the car been returned to plaintiff or tendered to

him, that fact might have been shown in mitigation of damages, but not in bar of the action. There was no evidence of such return or tender. *McGraw* v. *Sampliner,* 107 Mich. 141, 143 (64 N. W. 1060).

The rule of damages stated in the charge was the correct rule. *Hautala* v. *Dover,* 176 Mich. 366 (142 N. W. 579).

We find no reversible error in the record, and the judgment below is affirmed.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.