MILLER *v.* DU VAL.

1. FRAUD—FALSE REPRESENTATIONS—CAPIAS—MOTION TO QUASH.
   Defendant was arrested on *capias ad respondendum* for fraudulent representations made on the sale of his half interest in the business of securing claims and suits on commission basis, and moved to dissolve the writ, but did not attempt to review the decision of the trial court denying the motion. *Held,* too late to raise the question on error of the impropriety of denying the application.

2. SAME—FACTS—SALE.
   A false representation that the seller of an interest in a business had made a sum named out of it the year before, and had received an offer for it of a price named, was fraudulent and actionable, although the buyer might have verified the statements and discovered their falsity before he acted on them.

Error to Wayne; Mandell, J. Submitted January 12, 1916. (Docket No. 127.) Decided June 1, 1916.

Case by Hiram J. Miller against Frank A. Du Val for fraud and deceit. The suit was commenced by writ of *capias ad respondendum.* Judgment for plaintiff. Defendant brings error. Affirmed.

*Walter M. Trevor,* for appellant.

*Berry & McCredie,* for appellee.

MOORE, J. This case was commenced October 2, 1912, by writ of *capias ad respondendum.* The affidavits of the plaintiff and three others were filed. A motion was made to quash the writ of capias for various reasons. This motion was denied. The record does not show that any effort was made to review this action of the trial judge. A declaration was filed claiming damages in the sum of $1,000. October 28, 1912, the plea of the general issue was filed. The case was called before a jury in June, 1914. After the jury was sworn, a motion was made to quash the writ of capias, which motion was overruled. The defendant preferred seven written requests to charge. The record does not disclose that any of them were given. The trial judge gave a general charge to the jury which returned a verdict for $1,100 in favor of the plaintiff. A judgment was entered upon this verdict for $1,000. The case is brought here by writ of error.

So many of the assignments of error relate to the charge, or the failure of the court to charge, that we quote from it as follows:

"Gentlemen of the Jury: The verdict in this case will be one of two, depending upon how you look upon the facts. You will find for the plaintiff in the sum of $1,000, with interest at the rate of 5 per cent. from the 18th day of April, 1912, until today, that is two years' and two months' interest at 5 per cent. on $1,000, or it will be no cause of action. The theory of the plaintiff is, and he proceeds upon this theory, that he was swindled or overreached by the defendant. His claim is that the defendant some time in April, 1912,

told him (the plaintiff) that the business that the defendant, Frank Du Val, was engaged in was a prosperous business; that the year preceding that year he had made out of it clear $12,000; and further that this business he could have sold to David Stott, a half interest in the business for $2,500, but that as David Stott was not going to take an active part in the management of the business, that he would prefer to sell to the plaintiff, who would take an active interest in it, and preferred to sell to him for $1,000. Now there, gentlemen of the jury, are two statements of fact, that the business had yielded $12,000 the year previous to 1912, and the further statement of fact that David Stott had made an offer of $2,500 for a half interest in the business. The plaintiff contends that he relied upon these statements as being true, and that he trusted the defendant and believed him when he made those statements, and in reliance upon the truth of those statements he gave him $1,000 in cash. There is no denial that the $1,000 was paid, but the defendant states that he made no such statement as the plaintiff claims that he did make, and therefore he says that the plaintiff's case must fall because he didn't make the statement. So the first question that you will have to determine is whether or not the defendant actually made those statements, and then, if you find that he did not make those statements, the verdict will be for the defendant. If you find that he did make those statements, you will have to further find, before the plaintiff can recover, that the statements were false, and, thirdly, that the statements were relied upon by the plaintiff when he parted with his money. There is the issue. It is entirely an issue of fact. The court cannot aid you at all because the determination of disputed questions of fact rests with the jury, and the responsibility of determining them must be assumed and carried out by the jury. Now this business, I was about to say unfortunate business, that they were engaged in, was, so far as I am advised, a regular business. It is a peculiar situation that is presented here. Here are two parties engaged in a business which foments lawsuits and brings cases into court and presents cases to the jury, and here these parties now are taking a dose of their own medicine. They are here

today to have a jury determine in a matter of litigation of this kind whether or not the plaintiff was induced to enter into this business by fraudulent statements of the defendant. The case is here, and must be considered by you fairly and conscientiously, and if you find that these fraudulent statements were made, and if they worked their fraud by reason of being false, and if the plaintiff was induced to part with his money by reason of reliance upon them, then the plaintiff is entitled to get back his money. If you find the statements were not made, or if you find that they were made but were true, or further if you find that they were made but were not true, but that the defendant did not rely upon them, but relied upon something else when he paid over $1,000 to the defendant, then the defendant is entitled to a verdict of no cause of action. Your verdict must hinge and be determined entirely upon what you find the facts in the case to be, and you must find the facts from the evidence as it comes to you from the witness stand here."

It is said that the court erred in denying the motion to quash the writ of capias. We have recited the condition of the pleadings. We think it too late, in view of what was done, to raise the question now. See *Baxter* v. *Woodward, ante,* 379 (158 N. W. 137).

A number of assignments or error relate to the rulings upon the admission of testimony. We have examined all of them. Without discussing them, we content ourselves with saying they are without merit.

It is said a verdict should have been directed because plaintiff had worked for defendant and might have verified the truth of the statements made to him, both as to the value of the business and as to the offer of Mr. Stott, and that he knew the business was speculative. The statements alleged to have been made were not simply matters of opinion, but were statements of fact, and the plaintiff, if he believed them, was justified in acting upon them. Mr. Stott denied he had made any offer for the business. Defendant admitted

that he did not do anywhere near $12,000 worth of business the year before, but denied he had made the statements plaintiff attributed to him. This presented an issue of fact for the jury.

In relation to the errors assigned because of the refusal to give the requests to charge, it may be said that nearly all of them contained statements it would have been improper to give.

As to the other request, it was fully covered by the charge.

Error is assigned upon the part of the charge allowing interest. Inasmuch as the judgment was taken but for $1,000, the error, if there was one, was harmless.

Judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.