### MILLER v UHL

Ohio Appeals, 5th Dist., Stark Co
No. 1020. Decided October 17, 1929

LEMERT, J.

We believe and find that a conversion is a distinct act of dominion wrongfully exercised over one's property in denial of his right or inconsistent with it.

We find and believe that the general rule is that a bailee, although lawfully in possession of the property at the time, is guilty of conversion, if he has made an illegal use of it or has abused the conditions under which it was received or delivered to him.

Burdick on Torts, page 420.

The Supreme Court of Ohio has established the law of conversion in this State with great clarity and definiteness in the 49th OS. 489.

We find that the Court of Appeals of Hamilton County followed this rule in a case reported in 18 Ohio App. 97. The same rule applies in other jurisdictions, 191 Mich. 379.

In 12 So., 546.

So we have in this case a bailee, to whom a motor bus was delivered for storage purposes at a specified rate per month, assuming to and using said motor bus for his own purposes over a period of five weeks, all of which is shown by the testimony. The evidence is uncontradicted that the bus was run approximately two thousand miles during that period. There is no attempted justification in this case.

It is elementary that where the facts are admitted or undisputed, the matter of applying the law to the facts is for the Court. So in this case, where the defendant is admittedly the user, it is for the Court to say whether the acts constituted conversion.

On that question there can be no dispute under the rule announced in the foregoing cases. There certainly was a greater user than contemplated in the bailment contract.

We believe the undisputed evidence very clearly shows a conversion by the defendant as a matter of law. It therefore follows in this case that we find no error prejudicial to the rights of the defendant, and that the finding and judgment of the Court below is free from error and that the verdict of the jury in this case was right.

Therefore, the judgment of the Court below will be and the same hereby is affirmed.

Houck, J., and Sherick, J., concur.