## LANGLAND *v.* KRAEMER.

1. CONVERSION—GIFT—QUESTION FOR JURY.

In an action for the conversion of household goods, defendant's claim that plaintiff gave said goods to his wife raised an issue of fact for the jury.[1]

2. EVIDENCE — OWNER COMPETENT TO TESTIFY AS TO VALUE OF HOUSEHOLD GOODS.

The owner of second-hand furniture, although not familiar with values beyond what she had paid for the goods and prices quoted her for similar goods, was competent to testify as to their value.[2]

3. SAME — VALUE OF HOUSEHOLD GOODS — COMPETENCY OF WITNESSES.

A witness with many years' experience as a shipping clerk in a furniture store and as an upholsterer was competent to give an estimate of the value of second-hand furniture which he had repeatedly seen, although he was not an expert upon such values.[3]

4. SAME—REMOTENESS.

Testimony as to value of household goods in August by witness who last saw them between March or April and August was not too remote.[4]

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted January 15, 1925. (Docket No. 108.) Decided April 3, 1925.

Assumpsit by Vivian Langland against Joseph Kraemer for the conversion of household goods. Judgment for plaintiff. Defendant brings error. Affirmed.

*Russell A. Hart* (*B. D. York,* of counsel), for appellant.

*Samuel A. Wight,* for appellee.

[1]Trover and Conversion, 38 Cyc. p. 2105; [2]Evidence, 22 C. J. § 683; [3]Id., 22 C. J. § 684; [4]Id., 22 C. J. § 154.

WIEST, J.    Claiming defendant converted her household goods, plaintiff waived the tort and brought this suit in assumpsit to recover the value thereof, had verdict for $856, which, by order of the trial judge and remittitur, was reduced to $500.    Defendant claimed plaintiff gave the goods to his wife and made counterclaim for board.    The case is here by writ of error.

The question of a gift of the goods was one of fact, submitted to the jury, and settled by verdict adverse to defendant.

It is insisted there was no competent evidence of the value of the goods at the time return thereof was refused in August, 1921.    Plaintiff was not familiar with values, beyond what she had paid for the goods and prices quoted her for similar goods, but we think her testimony was properly submitted to the jury. The witness Maier was not an expert upon values of second-hand household goods, if there can be said to be such an expert, but his experience as a shipping clerk in a furniture store for many years, and as an upholsterer, qualified him to give an estimate of the value of the goods.    He had visited defendant's home and had there repeatedly seen the goods.    The value of used furniture depends upon its original or replacement cost in the market, the use to which it has been subjected and its actual condition, and any person having knowledge of such values and the condition of the goods may express an opinion.

As stated in 22 C. J. p. 183:

"The value of second-hand property is established in the same way as that of other property without market value; and accordingly evidence of its cost, its market price when new, and its usefulness and present condition is admissible."

No claim is made of a market for second-hand household goods.    There was evidence from which the jury

could determine the value and there is no merit in the point that the verdict rendered is contrary to the weight of the evidence.     While it is true the jury had to find the value of the goods at the time of the conversion in August, 1921, this did not render the testimony of Mr. Maier too remote.     He last viewed the goods some time between March or April and August, 1921.

We find no error.     Judgment affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.