## GUM v FITZGERALD

1. Conversion—Wrongful Dominion Over Property—Denial of Owner's Interest.

Conversion is any distinct act of dominion wrongfully asserted over another's personal property inconsistent with, or in denial of, the owner's interest in that property and it occurs at the point that such wrongful dominion is asserted.

2. Conversion—Wrongful Dominion Over Property—Changing Locks—Refusal of Possession—Demand for Possession.

A landlord's wrongful dominion over the personal property of a tenant, located within rented premises, begins when the landlord changes the locks on the premises while the tenant is lawfully entitled to possession of the premises; if thereafter there is a refusal of the right to possession a conversion has occurred and no further demand for possession is necessary for the conversion to be established.

3. Conversion—Attempt to Recover Possession—Refusal of Possession—Value of Goods.

A plaintiff tenant in an action for conversion who has been locked out of the rented premises by the landlord must show that a reasonable attempt has been made to recover his property in order to establish that his right to possession has been refused; once this refusal is established he may recover the value of goods at the time of the conversion even though the goods may have been subsequently lost or damaged.

4. Conversion—Attempt to Recover Property—Reasonableness.

A plaintiff acted reasonably in attempting to recover his property where the plaintiff was first refused possession when defendant landlord locked the plaintiff tenant out of the rented premises, where two later attempts to recover the property were met

References for Points in Headnotes

[1] 18 Am Jur 2d, Conversion §§ 1–3.
[2–4] 18 Am Jur 2d, Conversion §§ 43–46.
    49 Am Jur 2d, Landlord and Tenant § 287.
[5] 18 Am Jur 2d, Conversion § 118.

with no cooperation by the defendant, and where the defendant failed to inform the plaintiff of the location of the property.

5. Damages—Used Furniture—Replacement Cost.
   The value of used furniture is properly shown by its original or replacement cost in the market, taking into consideration the use to which it has been subjected.

Appeal from Ionia, Charles W. Simon, Jr., J. Submitted November 8, 1977, at Grand Rapids. (Docket No. 31318.) Decided December 6, 1977.

Complaint by James Gum and Janice Gum against Robert Fitzgerald and Margaret Fitzgerald for damages for conversion. Judgment for plaintiffs with respect to some of the property alleged to have been converted. Plaintiffs appeal, contending damages awarded were inadequate. Reversed in part, and remanded.

*Weitzel & Frye,* for plaintiffs.

*Rex P. O'Connor,* for defendants.

Before: R. B. Burns, P. J., and D. E. Holbrook and R. B. Martin,* JJ.

Per Curiam. Plaintiffs appeal as of right from the October 19, 1976, judgment of the trial court, sitting without a jury, awarding plaintiffs $545 in damages for the conversion of some of their personal property by defendants. Plaintiffs contend that the award is inadequate.

James and Janice Gum, plaintiffs, entered into a rental agreement with Robert and Margaret Fitzgerald, defendants, on March 14, 1973. In July of 1973 defendants locked plaintiffs from the rental premises prior to a termination of the tenancy and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

while plaintiffs' personal possessions and household goods remained in the premises. Defendants claimed at trial that they thought plaintiffs had moved out.

About a week prior to changing the locks, a dispute had arisen between the parties concerning plaintiffs' use of a fuel storage barrel located on the premises, the repeatedly late rental payments by plaintiffs and a broken antique window. Defendants testified that when they notified plaintiffs that they had been sent a 30-day eviction notice plaintiffs said they would be leaving immediately. Plaintiffs testified that they said they would be out in 30 days.

Plaintiffs left the premises on July 4, 1973, to spend the weekend at Mr. Gum's parents' house and testified that they told defendants of their plans. While plaintiffs were gone defendants changed the lock on the rental premises. On plaintiffs' return on July 6th they discovered that they were locked out and contacted the sheriff's department. The sheriff's department arranged for defendants to meet plaintiffs at the rental premises on that day while two deputies were present. The parties entered the house and plaintiffs observed that their washer and dryer were missing and that their belongings had been stacked in the living room. Defendants admitted to having moved the furniture and having removed the washer and dryer. Plaintiffs' demand that their goods be returned to them at that time was refused by the defendants.

Shortly after July 6, 1973, plaintiffs contacted an attorney who wrote defendants a letter suggesting that defendants properly terminate the tenancy and that arrangements be made to settle both parties' claims in this dispute. Prior to the

institution of this suit no further attempts to recover the property were made other than plaintiffs' phone call to defendants at Christmas time of that year demanding the return of their property. Defendants' response was to tell plaintiffs to contact defendants' attorney.

Defendants sold some of plaintiffs' belongings. A power antenna and two furnaces were allowed to pass along with the sale of the rental premises in March of 1974. The remaining belongings were either taken to defendants' garage or stored in the barn or milkshed located on the rental premises which passed with the sale of the property. These last items were lost in a fire which destroyed the barn and milkshed shortly after the sale. There is nothing in the record to indicate that the buyers of the premises were ever informed by defendants of plaintiffs' interest in this property.

Defendants testified that their attorney had told plaintiffs to recover their belongings but there was no indication that plaintiffs were ever informed of the location of the goods. Plaintiffs were not informed of the sale of the premises.

Plaintiffs testified at trial that various goods and furniture were present in the house on July 6, 1973, at a total purchase or replacement cost of $8,157. Mrs. Fitzgerald's testimony established the presence on the premises of goods (other than those sold), which, according to plaintiffs' proofs, would have a value of $760. Proof was presented at trial that furniture values normally increase by three per cent per year taking inflation over depreciation.

The damages awarded at trial were for the conversion of plaintiffs' property which had been sold. The trial court found no conversion as to the stored items, holding that plaintiffs were precluded

from recovery by their failure to plead a bailment of their goods in defendants. In addition, the court held that plaintiffs had not made reasonable attempts to recover their property within a reasonable time.

Plaintiffs raise three issues on this appeal: 1) whether it was necessary for them to plead a bailment theory in order to recover for the loss of their property that had been stored by defendants; 2) whether the trial judge erred in finding that that plaintiffs were precluded from recovering damages by their failure to make reasonable attempts to recover their property within a reasonable time; and 3) whether the damages awarded were inadequate.

This Court finds that a conversion did occur when defendants interfered with plaintiffs' dominion over their property by locking them from the rental premises. Conversion is any distinct act of dominion wrongfully exerted over another's personal property inconsistent with, or in denial of, the owner's interest in that property and it occurs at the point that such wrongful dominion is asserted. *Thoma v Tracy Motor Sales, Inc,* 360 Mich 434; 104 NW2d 360 (1960), *Nelson & Witt v Texas Co,* 256 Mich 65, 70; 239 NW 289 (1931), *Miller v Green,* 37 Mich App 132, 138; 194 NW2d 491 (1971). If a conversion has occurred no demand is necessary. *Nibbelink v Coopersville State Bank,* 286 Mich 1; 281 NW 415 (1938), *Baxter v Woodward,* 191 Mich 379; 158 NW 137 (1916).

The landlord's wrongful dominion over the property begins when he changes the locks. *Schara v Thiede,* 58 Wis 2d 489, 497; 206 NW2d 129, 133 (1973). While there appear to be no Michigan cases directly on point, the case law in various other jurisdictions supports the conclusions of this Court.

See *Puerto Rico Industrial Development Co v J H Miller Mfg Corp,* 173 F Supp 596, 606–607 (SD Ill, 1959); *Kertz v Paris,* 168 Cal App 2d 67, 70; 335 P2d 154, 156 (1959), *Harnden v McKinney,* 103 SW2d 869, 870 (Tex Civ App, 1936); Annotation, 148 ALR 649. If there is a refusal of the right to possession a conversion has occurred and no further demand is necessary. *Nibbelink v Coopersville State Bank, supra.*

Plaintiffs are required to show that a reasonable attempt has been made to recover their property in order to establish that their right to possession has been refused. Once this refusal is established they may recover the value of the lost or damaged goods determined as of the time of the conversion. *Nelson & Witt v Texas Co, supra.* Here, plaintiffs were refused possession on July 6, 1973. Two later attempts to recover their property were not met with any cooperation on defendants' part. Defendants' failure to inform plaintiffs of the location of their property prevented plaintiffs' recovery of that property. There has been a refusal of possession beginning on July 6, 1973, and continuing to the time of its sale, loss or destruction. Plaintiffs acted reasonably in the context of defendants' actions.

The value of used furniture is properly shown by its original or replacement cost in the market, taking into consideration the use to which it has been subjected. *Langland v Kraemer,* 230 Mich 449, 450; 202 NW 1007 (1925). The award given by the trial judge with respect to the goods which had been sold is in conformance with the proofs at trial and is left undisturbed. The value of all the remaining goods should be set in conformance with their value as established at trial.

The judgment of the lower court is reversed with

respect to all the items not found to have been converted. This case is remanded and the lower court is ordered to enter an amended judgment taking into consideration the value of all the remaining goods converted by defendants. Costs to plaintiffs.