TRAIL CLINIC, PC v BLOCH

Docket No. 53185. Submitted January 6, 1982, at Detroit.—Decided April 6, 1982. Leave to appeal applied for.

Bernard Bloch, D.O., was found guilty, following a bench trial in Wayne Circuit Court, Roland L. Olzark, J., of having participated in the conversion of several checks issued by Blue Cross-Blue Shield of Michigan which were intended as payment for services rendered by an employee of Trail Clinic, P.C. Trail Clinic, P.C., brought the action, naming Bloch, Blue Cross-Blue Shield of Michigan, Westminster Medical Clinic, P.C., Dudley W. Goetz, D.O., Orekonde Ganesh, M.D., and B.G.S. Murthy, M.D., as defendants. Plaintiff took a default judgment against Westminster Clinic prior to trial, and the court found no cause of action against Blue Cross and granted the other three individuals' motion to dismiss the action as to them. Dr. Bloch was held individually liable for $4,701.51, plus interest, costs and attorney fees. Bloch appeals. *Held:*

1. Bloch's argument that the trial court clearly erred in finding that he actively participated in the conversion of the checks is without merit. The trial court's finding that the tortious conduct of Bloch amounted to a conversion is not clearly erroneous.

2. Bloch's claim that the trial court's findings of fact and conclusions of law were clearly erroneous is also without merit. The court's findings of fact are not clearly erroneous. The

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Conversion § 1.
[2] 18 Am Jur 2d, Conversion § 18.
Nature of property or rights of other than tangible chattels which may be subject of conversion. 44 ALR2d 927.
[3] 18 Am Jur 2d, Conversion § 7.
[4] 18 Am Jur 2d, Conversion §§ 63, 65.
[5] 18 Am Jur 2d, Conversion § 120.
[6] 18 Am Jur 2d, Conversion § 68.
[7] 4 Am Jur 2d, Appeal and Error § 491.
[8] 19 Am Jur 2d, Corporations §§ 1274, 1382.
[9] 5 Am Jur 2d, Appeal and Error § 635.
[10, 11] 5 Am Jur 2d, Appeal and Error § 545.

evidence demonstrated that Bloch participated in the conversion.

3. Bloch's contention that the trial court erred reversibly when it failed to find plaintiff contributorily negligent and his contentions that Blue Cross and plaintiff's employee were negligent were not raised at trial and have not been preserved for appeal.

4. Bloch's claims that the trial court erred in not finding Blue Cross liable for conversion and that the plaintiff sued the wrong corporation, officers and directors when it sued Westminster Clinic are groundless.

Affirmed.

1. CONVERSION — WRONGFUL DOMINION.

Conversion is any distinct act of dominion wrongfully exerted over another's personal property, and it occurs at the point that such wrongful dominion is asserted.

2. CONVERSION — CHECKS.

Checks are considered to be the property of the designated payee and may be the subject of a suit for conversion.

3. CONVERSION — INTENTIONAL TORT — DEFENSES.

The defense of good faith is not available to a defendant in a conversion suit because conversion is an intentional tort.

4. CONVERSION — DEMAND FOR RETURN OF PROPERTY.

A demand for return of the property is unnecessary where an act of a defendant amounts to a conversion regardless of whether a demand is made; where a demand is necessary for a conversion to exist, the demand may be made by a duly authorized agent of the person entitled to possession.

5. CONVERSION — AIDING AND ABETTING.

A person may be guilty of a conversion by actively aiding or abetting or conniving with another in such an act; furthermore, one may be liable for assisting another in a conversion though acting innocently, as where the defendant receives benefit from the conversion and subsequently approves and adopts it.

6. CONVERSION — DEMAND FOR RETURN OF PROPERTY.

A demand for return of the property is unnecessary where a conversion results from fraud or other wrongful conduct and the defendant denies possession of the property or where the property has been wrongfully appropriated by the defendant for his own use and benefit.

7. Appeal — Scope of Review.

Review by the Court of Appeals is limited to the record developed in the trial court.

8. Torts — Personal Liability — Corporate Officers and Agents.

A defendant who acts on his own behalf or as an officer or agent of a corporation is personally liable for torts in which he actively participated.

9. Appeal — Bench Trial — Findings of Fact.

An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous; a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed, giving regard to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it.

10. Appeal — Preserving Question.

The appellate courts in Michigan generally will not consider an issue raised for the first time on appeal; however, this rule is not inflexible and the general principle will not be applied where consideration of a claim not previously raised is necessary to a proper determination of the case.

11. Appeal — Preserving Question — Questions of Law.

An issue not raised in the trial court is generally precluded from appellate review; however, if the question is one of law and all of the facts necessary for its resolution have been presented, the Court of Appeals may review the claim.

*Colman & Goodman,* for Trail Clinic, P.C.

*Ralph D. Gilpin,* for Blue Cross-Blue Shield of Michigan.

Bernard Bloch, *in propria persona.*

Before: Bashara, P.J., and T. M. Burns and Allen, JJ.

T. M. Burns, J. This case involves the alleged conversion of several checks which belonged to

plaintiff, Trail Clinic, P.C., by Dr. Bernard Bloch. Plaintiff took a default judgment against defendant Westminster Clinic on March 25, 1977. The subsequent bench trial in Wayne County Circuit Court on July 9, 1980, resulted in a finding that Dr. Bloch had participated in the conversion of these checks. Dr. Bloch was held invididually liable for $4,701.51, plus interest, costs and attorney fees. The trial court found no cause of action against defendant Blue Cross-Blue Shield and granted D. W. Goetz, Orekonde Ganesh and B.G.S. Murthy's motion to dismiss the action as to them. Dr. Bloch appeals as of right.

Plaintiff in this action, Trail Clinic, P.C., is a health care provider that employed Dr. Lal Gopal Banerji, M.D., on or about April 14, 1976. Prior to this time, Dr. Banerji had been an employee of Westminster Medical Clinic, a professional corporation which defendant Bernard Bloch helped organize and incorporate. Defendant Bloch and other doctors also incorporated Westminster Medical Management Corporation to manage the financial and administrative burdens of the medical clinic.

Cindy Thompson, clinic secretary for Trail Clinic, testified that physicians are issued "provider" identity numbers by Blue Cross-Blue Shield (hereinafter Blue Cross) so that the bills could be sent out to Blue Cross for services rendered by the physician. Without this provider number bills could not be sent to Blue Cross for payment. Clara Thompson, the Blue Cross supervisor for provider services, testified that Blue Cross received a payment authorization form from Dr. Banerji on February 2, 1976, and that it listed the payee's address as 25501 Van Dyke Avenue, Centerline, Michigan. Clara Thompson further testified that Blue Cross received a letter from Westminster

Clinic, signed by the administrator and Dr. Bloch, authorizing a change in the payee's address for the clinic's doctors, including Dr. Banerji, on May 3, 1976, and that Blue Cross made the change in address for all the doctors. All payments, regardless of the date of the services rendered by the physicians, were sent thereafter to Westminster's new address.

When Dr. Banerji started to work for Trail Clinic, the latter tried to procure a new provider number from Blue Cross in order to receive payment from Blue Cross for work performed by Dr. Banerji at their clinic. It normally took Trail Clinic about one month to obtain a new "provider number" for physicians that it employed. However, due to administrative problems at Blue Cross, plaintiff was forced to use Dr. Banerji's old "provider number".

Despite Bloch's claim of nonassociation with the Westminster group, he wrote Blue Cross on May 3, 1976, to inform it of a change of address for payment of doctors employed by Westminster Clinic. In this letter Dr. Bloch referred to a list of doctors and their respective "provider numbers" and these doctors all were represented as being employed by Westminster Clinic. Dr. Banerji and his "provider number" were listed by Bloch as a doctor still employed by Westminster and who was affected by the change in payee address even though Dr. Banerji in fact had not been an employee of Westminster since April 14, 1976.

The Westminster Medical Clinic began receiving payments from Blue Cross for the services Dr. Banerji was rendering for Trail Clinic. Each check from Blue Cross was accompanied by a computer printed stub with a detailed summary of when the reimbursal services were performed. Clara Thomp-

son testified that the May 3, 1976, letter changed the payee address and altered the earlier directive to change Dr. Banerji's payee address to Trail Clinic's address. Clara Thompson also testified that if the May 3, 1976, letter had not been received the checks would have gone to the address on the payee authorization signed by Dr. Banerji, *i.e.,* 25501 Van Dyke, Westminster's old address.

Dr. Lawrence Baker, the sole shareholder of Trail Clinic, testified that his efforts to effect a recovery from defendant Bloch resulted in a proposed repayment schedule which was never honored by Bloch. Plaintiff's unsuccessful, informal efforts to effect a recovery resulted in the filing of a complaint against Westminster Clinic, Dr. Bloch, the other incorporators of the defendant clinic and Blue Cross.

Bloch's first argument is that the trial judge clearly erred in finding that he actively participated in the conversion of the checks. We hold this argument to be without merit.

Conversion is any distinct act of dominion wrongfully exerted over another's personal property. It occurs at the point that such wrongful dominion is asserted. *Thoma v Tracy Motor Sales, Inc,* 360 Mich 434, 438; 104 NW2d 360 (1960), *Wronski v Sun Oil Co,* 89 Mich App 11, 20-21; 279 NW2d 564 (1979), *Gum v Fitzgerald,* 80 Mich App 234, 238; 262 NW2d 924 (1977), *Embrey v Weissman,* 74 Mich App 138, 143; 253 NW2d 687 (1977). Checks are considered to be the property of the designated payee and may be the subject of a suit for conversion. *Continental Casualty Co v Huron Valley National Bank,* 85 Mich App 319, 322-323; 271 NW2d 218 (1978), *Warren Tool Co v Stephenson,* 11 Mich App 274, 298-299; 161 NW2d 133 (1968). Because conversion is an intentional tort,

the defense of "good faith" is not available to the defendant. *Willis v Ed Hudson Towing, Inc,* 109 Mich App 344, 349; 311 NW2d 776 (1981), *Warren Tool Co v Stephenson, supra.*

In *Gum,* this Court opined that a demand for return of the property is not necessary if a conversion has occurred. *Gum, supra,* 238. A demand is unnecessary where the act of the defendant amounts to a conversion regardless of whether a demand is made. However, if a demand is necessary for a conversion to exist, the demand may be made by a duly authorized agent of the person entitled to possession. 18 Am Jur 2d, Conversion, §§ 63, 65, pp 197-199. Furthermore, a person may be guilty of a conversion by actively aiding or abetting or conniving with another in such an act. Indeed, one may be liable for assisting another in a conversion though acting innocently. These rules are especially applicable where the defendant received benefit from the conversion and subsequently approved and adopted it. 18 Am Jur 2d, Conversion, § 120, p 231.

Bloch, on appeal, argues that, because Dr. Banerji never made a demand for his money to him or Westminster Medical Clinic, plaintiff could not maintain an action for conversion. Bloch further argues that it was error for the trial court to hold that he actively participated in a conversion because he did not possess, retain or refuse to deliver the checks and never attempted to convert the checks to his own use or to the use of Westminster Medical Clinic.

A demand is unnecessary where the conversion results from fraud or other wrongful conduct and the defendant denies possession of the property or where the property has been wrongfully appropriated by the defendant for his own use and benefit.

18 Am Jur 2d, Conversion, § 63, p 198. Although there was testimony that if the May 3, 1976, letter had not been sent the checks still would have been sent to Westminster Medical Clinic, the same witness also indicated that this letter altered any communication to Blue Cross, by its employee who dealt with Trail, that the checks under Banerji's provider number should be sent to Trail Clinic. Furthermore, the record clearly establishes the fact that Westminster Clinic had no right to endorse and deposit these checks into its account inasmuch as these checks were for services rendered by Dr. Banerji at Trail Clinic and not for services rendered at Westminster Clinic. These checks were wrongfully appropriated by Westminster, so a demand for the checks was not necessary. See 6 Callaghan's Michigan Civil Jurisprudence, § 22, pp 33-34.

Even if a demand were required before a conversion can be said to have existed, the record indicates that such a demand was made. Dr. Lawrence Baker, sole stockholder of Trail Clinic, P.C., testified that Dr. Banerji was paid a flat salary by Trail Clinic for the services he performed for it. Dr. Baker stated that checks that came into the clinic for services rendered by Dr. Banerji were directly deposited into Trail Clinic's account, inasmuch as Dr. Banerji had signed an authorization form allowing Trail Clinic's bank to accept Trail Clinic's endorsement on his checks. Thus, these Blue Cross checks essentially were the property of Trail Clinic due to the financial arrangement between Banerji and Trail Clinic. Since Trail Clinic was entitled to possession of the Blue Cross checks, it was the proper party to make a demand for them. The record shows that Dr. Baker informed Bloch of these misdirected checks and that Dr. Bloch re-

sponded by setting up a payment schedule whereby he would pay Dr. Baker $1,000 per week until the amount was paid off. When Bloch did not pay the money as promised, Dr. Baker contacted him and asked where the money was. Dr. Bloch then told Dr. Baker he was not going to pay him.

These facts establish a demand by Trail Clinic for the property and, since it was the entity entitled to possession, a conversion was established. The same result follows if Trail Clinic is treated as an agent authorized to collect checks for Dr. Banerji. See Am Jur 2d, Conversion, § 65, p 199.

Dr. Bloch next contends that he cannot be held liable for conversion because the evidence elicited at trial revealed that he never received any money belonging to Dr. Banerji. According to Dr. Bloch, there was no evidence establishing that either he or Westminster Medical Clinic converted Dr. Banerji's funds. Dr. Bloch contends that neither he nor the clinic exercised any dominion over the checks because there was no evidence of his or the clinic's involvement with the checks in question. However, 10 of the 12 checks introduced into evidence, endorsed with Dr. Banerji's name per the initials of another person, all were stamped with restrictive endorsements for deposit only to Westminster Medical Clinic's account; the other two checks were endorsed "pay to the order of Westminster Management Corporation". These endorsements establish the fact that the checks were not deposited to Banerji's account, as Dr. Bloch maintains, but were in fact deposited to Westminster Clinic's account or paid to Westminster Management. Dr. Bloch's argument on appeal that the checks were deposited to Dr. Banerji's checking account is not supported by the record. This Court is limited to the record developed by the trial court, *Burrill v*

*Michigan,* 90 Mich App 408, 412; 282 NW2d 337 (1979). Thus, Bloch's references to facts outside the record cannot be considered by this Court.

Although Bloch may not have had any direct contact with the converted checks, he may nonetheless be found guilty of conversion due to his letter of May 3 since this letter actively assisted with the conversion by Westminster. See 18 Am Jur 2d, Conversion, § 120, p 231. In April of 1976, Bloch was still a director and a shareholder in Westminster Medical Management Corporation. Money received from Blue Cross went to the Management Corporation which would pay the doctors their prorated share. Dr. Baker testified that Bloch visited his clinic in June of 1976 (over a month after the May 3 letter) and told him that he was with Westminster Clinic. This evidence establishes that Bloch had acted either in behalf of one of the companies he was associated with or for his own interest. This Court has held that where a defendant acts on his own behalf or as an officer or agent of a corporation he is personally liable for torts in which he actively participated. *Baranowski v Strating,* 72 Mich App 548, 560; 250 NW2d 744 (1976), *Warren Tool Co v Stephenson, supra.* Application of this theory of personal liability of an agent to third parties leads to the conclusion that Bloch is liable for the tort of conversion inasmuch as he either acted on his own behalf or for one of the companies when he sent the letter of May 3, 1976.

Bloch's unverified claim of good faith or ignorance about the events which transpired is of no avail to him. *Willis v Ed Hudson Towing, Inc, supra.* The trial court's finding that the tortious conduct of defendant amounted to a conversion is not clearly erroneous.

Bloch's second claim of error is that the trial court's findings of fact and conclusions of law were clearly erroneous. This argument is also without merit.

In the recent case of *Bergy Brothers, Inc v Zeeland Feeder Pig, Inc,* 96 Mich App 111, 114-115; 292 NW2d 493 (1980), *lv gtd* 411 Mich 974 (1981), this Court discussed how an appellant's claim that the trial judge's determination was not supported by sufficient evidence should be treated:

"An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Smith v Michigan State Acccident Fund,* 403 Mich 201; 267 NW2d 909 (1978). In making this determination, regard should be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear before it. *Ford v Howard,* 59 Mich App 548; 229 NW2d 841 (1975)."

The trial judge stated in his findings of fact that Bloch had participated, by his letter of May 3, 1976, in the conversion of property that rightfully belonged to the plaintiff. This evidence, when combined with the testimony given at trial and discussed above, supports the finding by the trial judge that Bloch participated in the conversion. Giving due deference to the trial court's superior position to judge credibility, we find that the trial judge's determination holding Bloch liable was not erroneous. Because a review of the entire record does not leave us with a firm conviction that a mistake has been made, we hold that the judge did not err in finding Bloch liable.

Bloch's contention that the trial judge made

"diametrically opposed" findings of fact as to the May 3, 1976, letter is incorrect. Bloch has failed to point out that the trial judge dismissed this letter as determinative of the negligence of Blue Cross, a separate defendant. When the judge based his finding of liability against Bloch on this letter, he was applying the letter in a different context and to a different defendant. Furthermore, the judge's finding that the letter was not controlling is not inconsistent with his earlier finding that the letter evidenced Bloch's involvement; the letter simply was not applicable in determining the alleged negligence of Blue Cross and was properly dismissed as noncontrolling. Defendant's claim of error as to this issue is without merit. The judge's findings of fact are not clearly erroneous. The evidence demonstrated that Bloch participated in the conversion.

Bloch's third allegation of error is that the trial court erred when it failed to find the plaintiff, Trail Clinic, contributorily negligent. Bloch also contends that Blue Cross was negligent as well as Dr. Banerji and that, but for this negligence, the checks would not have been sent to Westminster and deposited in its account.

As a general rule, the appellate courts of this state will not consider an issue raised for the first time on appeal. *National Bank of Royal Oak v Frydlewicz,* 67 Mich App 417, 425; 241 NW2d 471 (1976). This rule, however, is not inflexible and the general principle will not be applied where consideration of a claim not previously raised is necessary to a proper determination of the case. In *Szidik v Podsiadlo,* 109 Mich App 446, 451-452; 311 NW2d 386 (1981), this Court stated:

"It is well established that an issue may not be preserved for appeal if it is not raised at trial, *Hayes v*

*Booth Newspapers, Inc,* 97 Mich App 758, 773; 295 NW2d 858 (1980), unless the claim is 'necessary to a proper determination of the case', *Prudential Ins Co of America v Cusick,* 369 Mich 269, 290; 120 NW2d 1 (1963), the claim involves a question of law for which all facts have been presented, *Kahn-Reiss, Inc v Detroit & Northern Savings & Loan Ass'n,* 59 Mich App 1; 228 NW2d 816 (1975), or a manifest injustice would result, *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972). Review of the instant proceeding suggests no such special circumstances relieving the plaintiffs of their burden to raise all applicable issues below. Thus, this issue was not properly preserved for our review."

In *Kahn-Reiss, Inc v Detroit & Northern Savings & Loan Ass'n,* 59 Mich App 1, 12; 228 NW2d 816 (1975), this Court declared that the rule barring appellate review is not absolute and that, if the question is one of law and all of the facts necessary for its resolution have been presented, the Court may review the claim. An issue not raised at trial which requires an analysis of facts not of record presents an impediment to this Court's review of the issue.

Bloch failed at trial to raise the issue of the alleged contributory negligence of Trail Clinic, negligence or conversion by Blue Cross and negligence of Dr. Banerji. The trial record indicates that the affirmative defense of contributory negligence was neither pled nor discussed by Bloch and that Bloch did not file cross-claims against Blue Cross or Dr. Banerji. A review of the record also reveals that all of the facts necessary to determine these claims raised on appeal for the first time are not documented or verified so as to facilitate review of these issues.

These claims are not necessary for a proper determination of this case as there was sufficient evidence produced at trial to substantiate the con-

version charge against Bloch. We find no special circumstances that relieve Bloch of the burden to raise all applicable issues below. Thus, these issues were not properly preserved for appeal.

Bloch's last two claims of error are groundless. Bloch maintains that the trial judge erred in not finding defendant Blue Cross liable for conversion and that the plaintiff sued the wrong corporation, officers and directors when it sued Westminster Clinic.

Bloch has raised the claim of Blue Cross's liability on appeal for the first time. Bloch did not cross-claim against Blue Cross pursuant to GCR 1963, 203.3. Therefore, this issue will not be considered.

Defendant Bloch's claim that plaintiff should have sued Westminster Medical Management, its officers and directors and not Westminster Medical Clinic is also raised for the first time on appeal without any cited authority for the claim. Therefore, appellate review of this issue is not appropriate. However, even if review were proper, Bloch has not stated a claim warranting relief. Bloch has referred to facts which are unverified and not found anywhere in the lower court record. In short, none of the evidence presented at trial supports the claim that plaintiff sued the wrong party. A party may not expand the record on appeal, as this Court is limited to the record established by the trial court.

The decision of the lower court is affirmed.