## IN THE MATTER OF CREED

Docket No. 62197. Submitted February 8, 1983, at Lansing.—Decided
    May 18, 1983.

The petitioners, Anna M. Creed and Frederick L. Creed, are
    husband and wife. In 1958, Anna Creed was raped by a black
    male. Neither she nor her husband, who are both white,
    reported the incident to authorities. Subsequently, Anna Creed
    gave birth to a black male child. The petitioners decided to give
    the child up for adoption. The hospital staff informed the
    petitioners that the hospital would make all of the necessary
    arrangements for adoption and that all information concerning
    their identity would remain confidential. In 1980, the petition-
    ers were contacted by a 22-year-old black male who identified
    himself as the person they had given up for adoption. He
    claimed that his adoptive mother had given him a copy of his
    adoption records which listed his birth name. Thereafter, the
    Genesee County Clerk's Office gave him a copy of his birth
    certificate which listed the petitioners as his biological parents.
    The petitioners filed a petition in Genesee Probate Court for
    the release of information concerning the adoption proceedings.
    The court, Harold E. Resteiner, J., held that petitioners could
    have access to nonidentifying information but that, because all
    identifying information was privileged, the petitioners could
    not have access to any identifying information. The petitioners
    appealed by leave granted. *Held:*

The probate court erred in ruling that the petitioners were
    absolutely barred from obtaining any identifying information
    without first obtaining the adoptee's consent to its release.
    Identifying information relative to an adoptee adopted prior to
    1980 may be released to the biological parents upon order of a
    court of record for good cause shown where the adoptee has not
    filed a consent to the release of such information. The case
    should be remanded to the probate court for a determination

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 139.
[2] 2 Am Jur 2d, Adoptions § 58.
    Restricting access to judicial records of concluded adoption proceed-
    ings. 83 ALR3d 800.

concerning whether good cause exists for the release of the information.

Reversed and remanded with instructions.

1. APPEAL — TECHNICAL DEFECTS — ISSUES OF LAW.

A technical defect in the filing of a petition in a probate court should not preclude the Court of Appeals from reviewing a decision of that probate court where the issue presented on appeal involves an issue of law for which all facts have been presented.

2. ADOPTION — RELEASE OF RECORDS — GOOD CAUSE.

Identifying information relative to an adoptee adopted prior to 1980 may be released to the biological parents upon order of a court of record for good cause shown where the adoptee has not filed a consent to the release of such information (MCL 710.67, 710.68; MSA 27.3178[555.67], 27.3178[555.68]).

*Lippitt, Lyons & Whitefield* (by *Sanford A. Rochkind),* for petitioners.

*Ward Chapman,* Genesee County Corporation Counsel (by *Richard M. Barron),* amicus curiae, for Genesee County Probate Court and Michigan Probate Judges Association.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. Petitioners appeal by leave granted an order of the Genesee County Probate Court denying their request to inspect certain adoption records.

There is little disagreement about the facts in this case. Petitioners are husband and wife. In 1958, the female petitioner was raped by a black male. Neither she nor her husband, who were both white, reported the incident to authorities. However, soon thereafter it was learned that she was pregnant. On November 9, 1958, she gave birth to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a black male child. After describing the circumstances surrounding the conception to hospital authorities, petitioners decided to give the child up for adoption. The hospital staff informed petitioners that the hospital would make all of the necessary arrangements for adoption and that all information concerning their identity would remain confidential.

In 1980, petitioners were contacted by a 22-year-old black male who identified himself as the person whom they had given up for adoption 22 years earlier. He informed petitioners that his adoptive mother had given him a copy of his adoption records which listed his birth name as Keith Wayne Creed. The Genesee County Clerk's Office gave him a copy of his birth certificate which listed petitioners as his biological parents.

Petitioners claim that the information identifying them should not have been disclosed. Furthermore, they claim that as a result of the release of that information their relationships with their other children have suffered and that they have suffered severe emotional distress as a result of the story appearing in a local newpaper. Therefore, in an attempt to discover the source of the alleged wrong, they petitioned the probate court for the release of information concerning the adoption proceedings. The probate court permitted them access to nonidentifying information. However, it ruled that all identifying information was privileged and denied them access to that information. This appeal followed.

The Michigan Probate Judges Association has been granted leave to file a brief as amicus curiae. They claim that the appeal should be dismissed because the petition submitted by petitioners to the probate court was not verified as required by

MCL 710.67; MSA 27.3178(555.67). We note that the probate court's ruling did not relate to technical defects in the petition. Furthermore, the issue presented on appeal involves an issue of law for which all facts have been presented. Consequently, we find it unnecessary to permit any such technical defects to preclude our review of the probate court's decision. See, *e.g., Trail Clinic, PC v Bloch,* 114 Mich App 700, 711-712; 319 NW2d 638 (1982).

The issue which we are called upon to resolve involves the interplay of two provisions contained in the Probate Code. MCL 710.67; MSA 27.3178(555.67) provides in part:

"Sec. 67. (1) Except as provided in section 68, records of proceedings in adoption cases, including a notice filed pursuant to section 33(1), and a petition filed pursuant to section 34(1), and the papers and books relating to the proceedings shall be kept in separate locked files and shall not be open to inspection or copy except upon order of a court of record for good cause shown expressly permitting inspection or copy. Except as provided in section 68, the court, after 20 days following entry of the final order of adoption, shall not permit copy or inspection of the adoption proceedings, except upon a sworn petition setting forth the purpose of the inspection or copy. The court may order notice and hearing on the petition."

MCL 710.68; MSA 27.3178(555.68) provides in part:

"Sec. 68. (2) A biological parent or adult biological sibling shall not receive information, other than nonidentifying information described in section 27(1) and (2) of this chapter, from a child placing agency, court, or file of the department relative to an adoptee, unless the adoptee, as an adult, has given written consent to the release of the information."

The probate judge ruled that § 68 creates an absolute privilege preventing disclosure of identifying information concerning the adopted child and the adoptive parents unless consent is given in the manner required by the statute. The Probate Court Judges Association argues that that was a correct interpretation of the statute.

Petitioners, on the other hand, argue that § 68 merely creates exceptions to the general provision contained in § 67 which provides that information may not be released except on good cause shown. They argue that the provision quoted above is merely intended to excuse the good cause requirement if the adoptee consents to the release of the information and that it was not intended to displace the provisions of § 67 entirely.

A similar issue was recently decided by another panel of this Court in *In the Matter of Dixon,* 116 Mich App 763; 323 NW2d 549 (1982). In *Dixon, supra,* the converse factual situation was presented. In *Dixon* it was the adoptee who sought access to information concerning the identity of her biological parents. The right of an adoptee to such information is also provided for in § 68 and, like the provision which deals with the right of the biological parents to obtain such information, the statute generally requires the consent of the biological parents before such information may be released pursuant to that section. In discussing the interrelationship between §§ 67 and 68, the *Dixon* Court stated the following:

"The statute proceeds to provide that '[e]xcept as provided in section 68', the court shall not open the records except upon a sworn petition.

"Section 68, MCL 710.68; MSA 27.3178(555.68), provides for the release of nonidentifying and identifying information (which terms are defined in MCL 710.27;

MSA 27.3178[555.27]) contingent upon various circumstances. Section 68 was added so that when all parties mutually consent to release identifying information, no other requirements need be met. See House Legislative Analysis Section reports on House Bills 4164 and 4165 (April 11, 1979, May 16, 1979, May 21, 1979 and May 12, 1980). This purpose explains why § 68(3) is written so as to provde for the release when the biological parents consent, rather than to provide guidelines when the biological parents refuse to consent to the release or the file contains no indication of the biological parents' desires.

"Since the termination of appellant's biological parents' rights occurred before 1980, § 68(3) would be controlling in this case. That section provides that '[a]ll information on both biological parents *shall be* released' if both biological parents have consented to the release of such information. (Emphasis added.) The record before us does not indicate that appellant's biological parents have consents on file. This lack of information is to be expected for adoptions prior to 1980 and the establishment of the present system. Unfortunately, § 68(3) does not specifically deal with the lack of information situation. Therefore, the Court turns back to § 67 for guidance. The identifying information then may only be released if the court finds 'good cause'." 116 Mich App 767-768.

We find the reasoning of *Dixon, supra,* persuasive and conclude that the probate court erred in ruling that petitioners were absolutely barred from obtaining this information without first obtaining the adoptee's consent to its release. Therefore, we remand the case to that court for a determination concerning whether good cause exists for the release of this information.

In view of our decision with respect to the foregoing, we find it unnecessary to decide at this time the constitutional claim raised by petitioners.

Reversed and remanded for a hearing on the issue of whether good cause is shown. The hearing

shall be held within 90 days after the release of this opinion and a transcript of that hearing and the lower court records shall be filed within 60 days of the hearing. We retain jurisdiction. No costs, interpretation of a statute being involved.