IN THE MATTER OF CREED (AFTER REMAND)

Docket No. 62197. Submitted February 8, 1983, at Lansing.—Decided
    September 14, 1983.

The petitioners, Anna M. Creed and Frederick L. Creed, are
    husband and wife. In 1958, Anna Creed was raped by a black
    male. Neither she nor her husband, who are both white,
    reported the incident to authorities. Subsequently, Anna Creed
    gave birth to a black male child. The petitioners decided to give
    the child up for adoption. The hospital staff informed the
    petitioners that the hospital would make all of the necessary
    arrangements for adoption and that all information concerning
    their identity would remain confidential. In 1980, the petition-
    ers were contacted by a 22-year-old black male who identified
    himself as the person whom they had given up for adoption. He
    claimed that his adoptive mother had given him a copy of his
    adoption records which listed his birth name. Thereafter, the
    Genesee County clerk's office gave him a copy of his birth
    certificate which listed the petitioners as his biological parents.
    The petitioners filed a petition in Genesee Probate Court for
    the release of information concerning the adoption proceedings.
    The court, Harold E. Resteiner, J., held that petitioners could
    have access to nonidentifying information but that, because all
    identifying information was privileged, the petitioners could
    not have access to any identifying information. The petitioners
    appealed by leave granted, and the Court of Appeals held that
    the probate court erred in ruling that the petitioners were
    absolutely barred from obtaining any identifying information
    without first obtaining the adoptee's consent to its release.
    Identifying information relative to a child adopted prior to 1980
    may be released to the biological parents upon order of a court
    of record for good cause shown where the adoptee has not filed
    a consent to the release of such information. The Court of
    Appeals, while retaining jurisdiction, remanded the case to the
    probate court for a determination concerning whether good

REFERENCES FOR POINTS IN HEADNOTE

2 Am Jur 2d, Adoption §§ 12.7, 58.

Restricting access to judicial records of concluded adoption proceed-
    ings. 83 ALR3d 800.

cause existed for the release of the information, 126 Mich App 32 (1983). On remand, the trial court, Harold E. Resteiner, J., held a hearing, determined that petitioners had shown good cause, and allowed petitioners to examine the adoption records of Keith Wayne Creed. Now, on appeal following remand, *held:*

The determination by the probate court on remand that good cause was shown for the disclosure of the adoption records is correct. Therefore, the holding that the probate court erred in ruling that the petitioners were absolutely barred from obtaining any identifying information without first obtaining the adoptee's consent to its release is affirmed.

Affirmed.

ADOPTION — RELEASE OF RECORDS.

Identifying information relative to a child adopted prior to 1980 may be released to the biological parents upon order of a court of record for good cause shown where the adoptee has not filed a consent to the release of such information (MCL 710.67; MSA 27.3178[555.67]).

*Lippitt, Lyons & Whitefield* (by *Sanford A. Rochkind),* for petitioner.

Amicus Curiae:

Michigan Probate Judges Association (by *Richard M. Barron).*

AFTER REMAND

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. The facts of this case are discussed in our previous opinion, *In the Matter of Creed,* 126 Mich App 32; 337 NW2d 41 (1983), and will not be repeated here. The previous appeal was remanded to the probate court for a hearing to enable the probate judge to determine whether petitioners had met the good cause requirement of MCL 710.67; MSA 27.3178(555.67).

* Circuit judge, sitting on the Court of Appeals by assignment.

Upon remand, the probate judge held a hearing and determined that petitioners had shown good cause. Petitioners were allowed to examine the adoption records of Keith Wayne Creed. We have examined the transcript of the probate court proceeding and agree that good cause was shown by petitioners.

Affirmed.