# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 13, 2014

Plaintiff-Appellee,

v

No. 317295
Wexford Circuit Court
LC No. 2013-010569-FH

JEREMY WILLIAM BOWENS,

Defendant-Appellant.

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his convictions of conspiracy to deliver 50 to 449 grams of heroin, MCL 750.157a, and conspiracy to deliver less than 50 grams of heroin, MCL 750.157a. Defendant was sentenced as a second controlled substance offender, MCL 333.7413(2), to 80 to 480 months' imprisonment for the conspiracy to deliver 50 to 449 grams conviction and to 30 to 480 months' imprisonment for the conspiracy to deliver less than 50 grams conviction. We affirm.

Defendant was involved in the transportation of heroin from Detroit to Cadillac. At trial, a former girlfriend of defendant testified she was with defendant on at least three occasions where he was transporting between 15 and 30 grams of heroin from Detroit to Cadillac. Another witness at trial testified that defendant supplied him with 30 to 60 grams of heroin over two months. A third witness testified that he purchased over 90 grams of heroin from defendant's middleman and that on three to five occasions purchased heroin directly from defendant. This witness also testified that he observed defendant and his middleman place a softball sized amount of heroin in a safe at the middleman's home.

Additionally, defendant's cousin, Lamont Bowens, testified that he drove defendant at least twenty times between Detroit and Cadillac and that they transported 40 to 50 grams of heroin on each trip. When cross-examined, Lamont admitted that he had just plead guilty to a federal counterfeiting charge and that he might receive consideration for his testimony in this case. Defendant was unaware that Lamont had been testifying not just in this case, but also in multiple other unrelated cases in hopes of a more lenient sentence, and this is the basis for defendant's first claim.

Defendant first argues that the prosecution violated *Brady v Maryland,* 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), by failing to disclose the favorable impeachment evidence that

Lamont testified in multiple other cases to obtain a lighter sentence on his federal case. This issue is unpreserved because defendant did not raise a *Brady* violation at trial, so the issue is reviewed for plain error affecting a substantial right. See *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), citing *United States v Olano*, 507 US 725, 731-734; 113 S Ct 1770; 123 L Ed 2d 508 (1993). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines,* 460 Mich at 763, citing *Olano*, 507 US at 734. "Defendants bear the burden of persuasion." *Pipes*, 475 Mich at 279.

Defendant has failed to sustain his burden in demonstrating that he was prejudiced. Assuming that this was an error and it was plain, in light of the amount of evidence presented against defendant, defendant cannot, and did not, demonstrate how the error prejudicially affected the outcome his trial.

Next, defendant argues in the alternative that his trial counsel was constitutionally ineffective for failing to investigate and impeach Lamont. Defendant supports his ineffective assistance of counsel claims with three appendices that this Court will not consider because they are not part of the lower court record. MCR 7.210(A); see *Trail Clinic, PC v Bloch*, 114 Mich App 700, 713; 319 NW2d 638 (1982) ("A party may not expand the record on appeal, as this Court is limited to the record established by the trial court."), and *People v Eccles*, 260 Mich App 379, 384; 677 NW2d 76 (2004) ("However, these documents are not properly before this Court as they were not presented to the trial court and are, therefore, not part of the record on appeal."). Excluding the appendices, defendant does not reference the lower court record at all to support his claim that defense counsel was deficient or that he was prejudiced by her performance. Therefore, defendant has failed to demonstrate that counsel's performance was deficient. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Next defendant argues two separate ineffective assistance of counsel claims. First, he argues that his counsel was ineffective for failing to object and move for a mistrial after an officer testified that defendant was arrested on an outstanding warrant and that defendant had been found in a motor vehicle with drugs. And second, he argues that his counsel was constitutionally ineffective for failing to object and move for a mistrial when the arresting trooper testified that defendant declined to speak with the trooper after he was read his *Miranda*[1] warning in violation of *Doyle v Ohio*, 426 US 610, 619; 96 S Ct 2240; 49 L Ed 2d 91 (1976).

Defendant has failed to demonstrate that he was prejudiced by counsel's performance on either of these claims. "[T]he defendant must show that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 US at 687. "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012), citing *People*

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966)

*v Pickens*, 446 Mich 298, 312; 521 NW2d 797 (1994). Given the magnitude of evidence against defendant, the results of the proceeding would have been the same, and therefore, defendant cannot prove prejudice.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly