WILLIS v ED HUDSON TOWING, INC

Docket No. 49956. Submitted May 19, 1981, at Detroit.—Decided
September 9, 1981. Leave to appeal applied for.

Maurice Willis brought an action in the Common Pleas Court of
Detroit against Ed Hudson Towing, Inc., for tortious conversion
of a 1967 Cadillac. Defendant had been in the business of
towing and storing automobiles, often at the direction and
request of the City of Detroit. The city requested removal of a
1967 Cadillac from a certain lot owned by the city. Defendant
towed plaintiff's automobile and refused to return it except
upon payment of towing and storage charges. Plaintiff did not
pay and, at the end of 45 days, the automobile was scrapped. At
trial, plaintiff testified that the automobile was on a different
lot from the one described in the request and the vehicle was
there with the consent of the lot owner. He further testified
that the vehicle was purchased 1-1/2 years prior to trial for
$200 and had a then-present value of $1,300. At the time it was
towed, the vehicle had no engine and was inoperable. The
court, John W. Connolly, J., determined that the vehicle was
towed from a private lot, as described by plaintiff, and granted
judgment for plaintiff in the amount of $200. Defendant ap-
pealed by leave granted, alleging that the act was privileged,
that the award of damages was erroneous, that plaintiff failed
to mitigate damages and that it was protected by governmental
immunity. *Held:*

1. Defendant's argument that the act was privileged is based
on the premise that the vehicle was removed from a lot owned
by the city. the trial court specifically found otherwise. A trial
court's finding of fact will not be set aside unless it is clearly
erroneous: when, although there is evidence to support it, the
reviewing court on the entire evidence is left with the definite

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 18 Am Jur 2d, Conversion § 7.
[3] 18 Am Jur 2d, Conversion § 112.
[4-6] 22 Am Jur 2d, Damages §§ 22, 23
[7] 22 Am Jur 2d, Damages § 201.
[8] 57 Am Jur Municipal, School, and State Tort Liability § 79.

and firm conviction that a mistake has been committed. The court's finding was not clearly erroneous. Furthermore, conversion is an intentional tort to which good faith is not a defense.

2. The court did not err in its determination of damages. The measure of damages for the conversion of personal property is the value of the property at the time of the conversion, in the absence of any testimony establishing a peculiar value in the goods to the owner. Public policy requires that where damages cannot be estimated with certainty the risk of giving more than a fair compensation be cast upon the wrongdoer rather than risk less than fair compensation to the injured party.

3. The rule requiring an injured party to mitigate damages does not apply where the invasion of property rights is due to the defendant's intentional, positive or continuous tort.

4. Governmental immunity is not a direct or derivative defense to an action against an individual for an intentional tort.

Affirmed.

1. APPEAL — BENCH TRIALS — FINDINGS OF FACT.

A trial court's finding of fact will not be set aside unless it is clearly erroneous: where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

2. CONVERSION — DEFENSES — INTENTIONAL TORTS.

Conversion is an intentional tort to which good faith is not a defense.

3. CONVERSION — DAMAGES — WITNESSES.

The measure of damages for the conversion of personal property is the value of the property at the time of the conversion, in the absence of any testimony establishing a peculiar value in the goods to the owner; a purchaser of an automobile or other personalty is competent to give testimony regarding its value.

4. DAMAGES — UNCERTAINTY OF DAMAGES.

Mathematical precision in the assessment of damages is not required where from the very nature of the circumstances precision is unattainable and particularly where it is defendant's own act or neglect that has caused the imprecision.

5. DAMAGES — UNCERTAINTY OF DAMAGES.

Public policy requires that where damages cannot be estimated with certainty the risk of giving more than a fair compensation

be cast upon the wrongdoer rather than risk less than fair compensation to the injured party.

6. DAMAGES — UNCERTAINTY OF DAMAGES.

   Difficulty in determining damages will not bar recovery where the fact of liability is proven; in such a case, the court must do the best it can with what is presented to it.

7. DAMAGES — MITIGATION OF DAMAGES — INTENTIONAL TORTS.

   The rule requiring an injured party to mitigate damages does not apply where the invasion of property rights is due to the defendant's intentional, positive or continuous tort.

8. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS — DEFENSES.

   Governmental immunity is not a direct or derivative defense to an action against an individual for an intentional tort.

Free Legal Aid Clinic (by *Robert Seibert)*, for plaintiff.

*Merrill, Tatham & Rosati, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and R. H. PANNUCCI,* JJ.

V. J. BRENNAN, P.J. Defendant appeals from a judgment entered in favor of plaintiff in the Common Pleas Court of Detroit in plaintiff's action against defendant for tortious conversion of plaintiff's personal property. The circuit court subsequently affirmed the trial court judgment. Defendant now appeals by leave granted.

The certified concise statement of facts and proceedings discloses the following facts:

Plaintiff was the owner of a 1967 Cadillac which he purchased a year and a half previously for the sum of $200. On October 10, 1978, the Cadillac was inoperable by virtue of the fact that the motor was missing and, in addition, the vehicle had no registration plates whatsoever. Defendant, in the busi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ness of towing and storing vehicles for the last 41 years, from time to time had towed and stored abandoned vehicles at the direction and request of the City of Detroit.

On September 22, 1978, an employee of the Community and Economic Development Department of the City of Detroit sent a letter to the Detroit Police Department's Fifth Precinct, indicating that there were a number of abandoned vehicles being stored illegally on city owned properties, one such property being a vacant lot adjacent to 4818 Pennsylvania.

On October 10, 1978, the Fifth Precinct issued an abandoned vehicle report to defendant, requesting removal of said vehicles to defendant's place of business at 2619 Connor, Detroit. Among the abandoned vehicles, one was described as a two-door 1967 Cadillac, located at an empty lot adjacent to 4818 Pennsylvania. That day, defendant towed a two-door 1967 Cadillac to its place of business.

The following day, October 11, 1978, plaintiff appeared at defendant's place of business, claimed ownership of the Cadillac, and demanded its return. Defendant advised plaintiff that the vehicle could be returned only upon payment of towing and storing charges of $12. Plaintiff claimed that defendant requested $24, not $12. Plaintiff refused to pay the charges, and upon the expiration of the statutory 45-day redemption period set forth in a notice to plaintiff from the Bureau of Driver and Vehicle Services of the Department of State, on November 27, 1978, defendant delivered the vehicle to Troy Auto Parts, where the Cadillac was shredded into scrap.

On February 20, 1979, plaintiff instituted this lawsuit seeking damages of $1,300 for the loss of his vehicle. At the subsequent bench trial, plaintiff

testified, *inter alia,* as to the description and condition of his Cadillac, that it had been purchased for $200 approximately one to one and one-half years before, that the present value was $1,300. Moreover, plaintiff testified that his Cadillac was located on private property at 4826 Cooper with the property owner's permission and not on the lot adjacent to 4818 Pennsylvania. Plaintiff's brother's testimony at trial corroborated that plaintiff's vehicle was at 4826 Cooper and not the vacant lot next to 4818 Pennsylvania.

Defendant's proofs, conversely, were that the vehicle it removed was located on a vacant lot adjacent to 4818 Pennsylvania.

The trial court resolved the controverted testimony as to the location of the Cadillac in favor of plaintiff and adversly to defendant. The trial court found, and the circuit court agreed, that plaintiff's vehicle was located at 4826 Cooper, a private lot, at the time defendant towed away the vehicle. It further found that such act amounted to conversion and awarded damages of $200 which was the purchase price paid by plaintiff for the vehicle one and one-half years prior to defendant's conversion.

On appeal, the defendant first argues that the trial court erred in finding that defendant converted plaintiff's vehicle since its acts were privileged under either the common-law or the statutory provisions of MCL 257.252; MSA 9.1952. However, a reading of defendant's arguments readily reveals that they are premised upon the erroneous notion that the vehicle was removed from the "lot adjacent to 4818 Pennsylvania".

This factual assertion was explicitly rejected by the trial court which found, contrary to defendant's contentions, that the vehicle was located on private property at 4826 Cooper when it was re-

moved by defendant. A trial court's finding of fact will not be set aside unless it is clearly erroneous: "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), *National Car Rental v S & D Leasing, Inc,* 89 Mich App 364; 280 NW2d 529 (1979), *lv den* 407 Mich 927 (1979), *Kurrle v Walker,* 56 Mich App 406, 409-410; 224 NW2d 99 (1974).

Since this factual finding is fatal to the underpinnings of defendant's argument of common-law and statutory privileges, we refrain from discussing these arguments in further detail. The facts show that the City of Detroit instructed the defendant to remove a vehicle from a city lot located adjacent to 4818 Pennsylvania; the trial court found that the defendant removed a vehicle from a private lot located at 4826 Cooper. Contingent upon this factual determination which is not clearly erroneous, we affirm the legal conclusion that defendant wrongfully converted plaintiff's automobile. *Gum v Fitzgerald,* 80 Mich App 234, 238; 262 NW2d 924 (1977). Since conversion is an intentional tort, the defense of "good faith" is unavailing. *Warren Tool Co v Stephenson,* 11 Mich App 274, 299; 161 NW2d 133 (1968), *Kearney v Clutton,* 101 Mich 106; 59 NW 419 (1894), *Gibbons v Farwell,* 63 Mich 344, 349; 29 NW 855 (1886).

We find no error in the trial court's award of damages in the amount of $200. The measure of damages for the conversion of personal property is the value of the property at the time of the conversion, in the absence of any testimony establishing a peculiar value in the goods to the owner. *Hudson v Enichen,* 308 Mich 79, 85; 13 NW2d 215

(1944). A purchaser of an automobile, or other personalty, is competent to give testimony regarding its value. *Kavanagh v St Paul Fire & Marine Ins Co*, 244 Mich 391, 394; 221 NW 119 (1928), *Duma v Janni*, 26 Mich App 445, 452; 182 NW2d 596 (1970).

Mathematical precision in the assessment of damages is not required, where from the very nature of the circumstances precision is unattainable, particularly where the defendant's own act causes the imprecision. *Godwin v Ace Iron & Metal Co*, 376 Mich 360, 368; 137 NW2d 151 (1965). Public policy demands that, when damages are not susceptible of precise calculation because of an act of the wrongdoer, the risk of giving more than fair compensation be cast upon the wrongdoer. *Id.,* 369. Also, see *Purcell v Keegan*, 359 Mich 571, 576; 103 NW2d 494 (1960). *Allison v Chandler*, 11 Mich 542, 553-554 (1863). Where the fact of liability is proven, difficulty in determining damages will not bar recovery. *Troppi v Scarf,* 31 Mich App 240, 260; 187 NW2d 511, *lv den* 385 Mich 753 (1971). The Court must do the best with what is presented to it. *Purcell, supra,* 576.

Here, plaintiff stated that he purchased the vehicle eighteen months prior to its conversion for $200. The lower court fixed the value at $200 at the time of the conversion. Applying the above-cited rules to the testimony heard in this case, it can be said that plaintiff sustained his burden of proof of damages, such burden being substantially eased because defendant's conduct caused the inability to fix the vehicle's value more precisely.

Nor do we find error in plaintiff's alleged failure to mitigate damages. The rule requiring the injured party to mitigate damages does not apply where the invasion of property rights is due to

defendant's intentional, or positive and continuous, tort. *McCullagh v Goodyear Tire & Rubber Co,* 342 Mich 244, 255; 69 NW2d 731 (1955), *Allen v Morris Building Co,* 360 Mich 214, 217-218; 103 NW2d 491 (1960).

Lastly, since we affirm the trial court's finding that defendant committed the intentional tort of conversion, the shield of governmental immunity is no direct or derivative defense to the action against defendant's individual personal liability. *Tocco v Piersante,* 69 Mich App 616, 625-626; 245 NW2d 356 (1976), *lv den* 399 Mich 882 (1977), *Lockaby v Wayne County,* 406 Mich 65, 77; 276 NW2d 1 (1979).

Affirmed. Costs to plaintiff.