EHMAN v LIBRALTER PLASTICS, INC

Docket No. 152967. Submitted July 7, 1994, at Detroit. Decided September 20, 1994, at 9:00 A.M. Leave to appeal sought.

Thomas F. Ehman brought an action in the Oakland Circuit Court against Libralter Plastics, Inc., alleging conversion of certain plastic injection molds that Ehman owned. The court, John N. O'Brien, J., finding a conversion, established the value of the molds as the replacement cost on the date of the conversion and awarded interest on that amount at a rate that was based on the rates that Ehman had been paying for personal loans from the date of the conversion. Ehman appealed and Libralter cross appealed.

The Court of Appeals *held:*

1. The trial court properly refused to award Ehman damages for lost profits.

2. The trial court properly found that there was no regular market value for the molds and that the replacement cost at the time of the conversion was the proper measure of damages.

3. The trial court erred in awarding interest based on the rate of interest for Ehman's personal loans. That part of the court's order must be reversed, and the matter must be remanded to allow the court to adjust the rate of interest in conformity with MCL 600.6013; MSA 27A.6013 and MCL 438.31; MSA 19.15(1).

Affirmed in part, reversed in part, and remanded.

1. CONVERSION — DAMAGES — VALUE OF USE OF CONVERTED PROPERTY.

The value of the use of the converted property is not recoverable as damages in an action for conversion.

2. CONVERSION — DAMAGES.

The measure of damages in an action for conversion generally is the value of the converted property at the time of the conver-

REFERENCES

Am Jur 2d, Conversion § 108; Damages § 438.

Measure of damages for conversion or loss of, or damage to, personal property having no market value. 12 ALR2d 902.

sion; where the property converted does not have a regular market value, the measure of damages is the value of the property to the owner at the time of the conversion, e.g., the replacement cost at the time of the conversion.

*Brook McCray Smith, P.C.* (by *Brook McCray Smith*), for the plaintiff.

*Butzel Long* (by *James E. Wynne* and *Daniel R.W. Rustmann*), for the defendant.

Before: SAWYER, P.J., and WEAVER and S. A. TURNER,* JJ.

PER CURIAM. This lawsuit began when Libralter Plastics, Inc., was unable to return to Thomas F. Ehman two plastic injection molds that Libralter had possession of and Ehman owned. Ehman brought suit for conversion of the molds. Libralter admitted liability for the conversion, but contested the amount of damages sought by Ehman.

Following a bench trial, the court ruled that the value of the subject molds was $34,040 on the date of loss. The trial court awarded interest on this amount at a rate that was based on the rates that Ehman had been paying for personal loans from the date of the conversion. Ehman appealed and Libralter cross appealed. We affirm in part, reverse in part, and remand with instructions.

I

Ehman argues that the court erred in refusing to grant him damages for lost profits. We disagree. In an action for conversion, the value of the use of the converted property is not recoverable as damages because it duplicates the award of interest and is inconsistent with the theory of a forced

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sale. *Theatre Equipment Acceptance Corp v Betman,* 266 Mich 22, 25; 253 NW 201 (1934). *Maycroft v Jennings Farms,* 209 Mich 187, 190-193; 176 NW 545 (1920).

II

Libralter contends the damages should have been measured by the fair market value of the converted property at the time of the conversion and that the court improperly used the replacement value of the property at the time of the trial.

The general rule for the measure of damages for conversion is the value of the converted property at the time of the conversion. *Baxter v Woodward,* 191 Mich 379; 158 NW 137 (1916). However, if the property converted does not have a regular market value, the measure of damages is the value of the property to the owner at the time of the conversion. *Barbrick v White Sewing Machine Co,* 180 Mich 535; 147 NW 493 (1914). The trial court properly found that there was no regular market value for the molds and that the replacement cost at the time of the conversion was the proper measure of damages.

III

Libralter alleges the court erred in awarding Ehman interest based on the rate of interest for Ehman's personal loans, rather than the legal rate of interest for the applicable time periods.

Damages in a conversion case include interest from the date of conversion. *Baxter v Woodward, supra.* We agree that the court erred in failing to award interest in conformity with MCL 600.6013; MSA 27A.6013 and MCL 438.31; MSA 19.15(1). See *Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975).

We affirm in part, reverse in part, and remand to allow the trial court to adjust the rate of interest.

We do not retain jurisdiction.

S. A. TURNER, J., did not participate.