*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL A. PICKETT,

      Plaintiff-Appellee,

v

ROBERT GRACZYK,

      Defendant-Appellant.

UNPUBLISHED
June 22, 2023

No. 360643
Bay Circuit Court
LC No. 21-003499-PD

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant Robert Graczyk appeals as of right the trial court's order granting plaintiff Michael A. Pickett's motion for entry of default judgment under MCR 2.603(B)(3) and damages in the amount of $90,000 against defendant and in favor of plaintiff. We affirm.

## I. BACKGROUND

This case arises out of defendant's lease of building space to plaintiff. Plaintiff used the leased building space to operate his tire and detail shop. On approximately September 2, 2021, defendant locked plaintiff out of the building and deprived plaintiff of access to his personal property that plaintiff stored in the leased building space. On September 15, 2021, plaintiff filed an action for replevin and conversion against defendant, and plaintiff sought a temporary restraining order (TRO) as well. The trial court issued a TRO the same day, and the order informed the parties that the court would hold a hearing on a motion for a preliminary injunction on September 29, 2021, unless plaintiff waived the hearing three days in advance.

On September 16, 2021, defendant was served with a copy of the summons, complaint, affidavit, motion for TRO, and TRO. The summons informed defendant that he had 21 days to file a written answer with the court and serve a copy on the other party or take other lawful action with the court. On September 23, 2021, defendant was served with notice that plaintiff was waiving his request for a hearing on a motion for a preliminary injunction, and the September 29, 2021 hearing was cancelled.

-1-

Defendant failed to take any action to respond to the complaint, and the trial court, upon plaintiff's request, entered a default against defendant on October 8, 2021. On November 10, 2021, plaintiff moved for entry of default judgment under MCR 2.603(B)(3). The trial court held a hearing on plaintiff's motion on November 29, 2021, and defendant appeared with counsel that had yet to be retained. Per the defendant's request, the trial court adjourned the hearing to give defendant's counsel an opportunity to review the case. On December 6, 2021, defendant filed an answer and a motion to set aside the default, claiming that he was confused and thought that the entire action had been cancelled when he received notice of plaintiff's waiver of hearing and cancellation of the September 29, 2021 hearing. At a December 13, 2021 hearing, the trial court denied defendant's motion to set aside default because defendant failed to show good cause or establish a meritorious defense. Additionally, the trial court granted plaintiff's motion for entry of default judgment after hearing testimony from plaintiff, Bradley Wade, and defendant. Plaintiff provided a list of the items that were inside the leased building space that were missing when plaintiff regained access to the space following entry of the TRO, and plaintiff provided estimated replacement costs for each item. Plaintiff estimated his total loss at $55,979.29, which consisted of $47,429.29 to replace lost property and $8,550 in lost income, and plaintiff requested treble damages under MCL 600.2919a(1) in the amount of $167,937.87. The trial court ordered damages in the amount of $90,000, which was three times the amount of actual damages sustained by plaintiff.

Defendant moved to set aside the default and default judgment, and for reconsideration of the trial court's order. Defendant attached an affidavit to his motion in which he averred that neither he nor anyone else at his direction or in his knowledge possessed, converted, sold, removed, or seized any of plaintiff's personal property from the leased building space. Defendant admitted in the affidavit that he placed a lock on the leased building space after finding a "lock of unknown origin." The trial court again denied defendant's motion because defendant failed to show good cause or establish a meritorious defense.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion by not setting aside the default and default judgment under MCR 2.603(D)(1) or MCR 2.612(C)(1)(f), and that plaintiff failed to show by a preponderance of the evidence that he suffered damages in the amount found by the trial court. We address each argument in turn.

### A. MCR 2.603(D)(1)

Defendant argues that his confusion about the cancellation of the September 29, 2021 hearing constituted a reasonable excuse for failing to comply with the court rules. Additionally, defendant argues that his verified statement of facts established a meritorious defense because the statements showed that neither defendant nor anyone else by defendant's agency or knowledge converted plaintiff's property. We disagree.

This Court reviews a trial court's ruling on a motion to set aside a default or a default judgment for an abuse of discretion. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A trial court abuses its discretion when its decision results in an outcome that falls outside the range of principled outcomes. *Adler v Dormio*, 309 Mich App 702, 707; 872 NW2d 721 (2015).

-2-

Under MCR 2.603(D)(1), "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed." Good cause may be shown through: "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008) (quotation marks and citation omitted).

In this case, defendant attempts to establish good cause by showing a reasonable excuse for his failure to comply with the requirements which created the default. Defendant argued below, and argues on appeal, that as a pro se litigant, he was confused by the notice of plaintiff's waiver of hearing, and this confusion resulted in his failure to timely file an answer. Specifically, defendant contends that when he received the notice of plaintiff's waiver of hearing on September 23, 2021, he believed the entire case was "over." Defendant argues that his confusion constitutes a reasonable excuse for his failure to timely respond to plaintiff's complaint. Yet the summons that defendant was served with on September 16, 2021, clearly stated that defendant had 21 days to respond to the complaint, and there is no dispute that defendant received this statement of the deadline to answer. Further, although defendant argues that he was confused when he received the notice of plaintiff's waiver of hearing, the notice did not discuss, amend, or alter the language of the summons, which instructed defendant that he had 21 days to respond. Furthermore, the notice did not dismiss the case against defendant, and its language was limited to notifying defendant that the September 29, 2021 hearing was cancelled. Therefore, defendant's alleged confusion does not constitute a reasonable excuse, and he consequently fails to show good cause.[1]

Moreover, even assuming that defendant established good cause, he did not establish a meritorious defense. A trial court should consider the following when determining whether a defendant's affidavit established a meritorious defense: "(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or (3) the plaintiff's claim rests on evidence that is inadmissible." *Shawl*, 280 Mich App at 238 (cleaned up). Defendant argues that he established a meritorious defense because his verified statement of facts prevents plaintiff from proving a required element of conversion—that defendant took possession and converted plaintiff's property to his own use.

Michigan law provides for actions in common-law conversion and statutory conversion, both of which are at issue in this case. See *Aroma Wines & Equip, Inc v Columbian Distribution*

---

[1] Defendant argues that the instant case is akin to *McDonald v Kersten*, 24 Mich App 681; 180 NW2d 810 (1970), in which this Court concluded that the defendants showed "good cause" for failure to timely file an answer because they personally appeared at an initial hearing and attempted to file materials with the court. *Id*. at 686-688. This Court reasoned that through such actions, "[t]heir intention to retain counsel and to defend was manifest." *Id*. at 688. However, the instant case is distinguishable because defendant never engaged in such self-advocacy early in the proceedings.

*Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015). "Under the common law, conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Id*. (quotation marks and citation omitted). Common-law conversion may be committed by:

> (a) intentionally dispossessing another of a chattel,
>
> (b) intentionally destroying or altering a chattel in the actor's possession,
>
> (c) using a chattel in the actor's possession without authority so to use it,
>
> (d) receiving a chattel pursuant to a sale, lease, pledge, gift or other transaction intending to acquire for himself or for another a proprietary interest in it,
>
> (e) disposing of a chattel by sale, lease, pledge, gift or other transaction intending to transfer a proprietary interest in it,
>
> (f) misdelivering a chattel, or
>
> (g) refusing to surrender a chattel on demand. [*Id*. at 352 (quotation marks and citation omitted).]

MCL 600.2919a, which governs statutory conversion, states:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
>
> (a) Another person's stealing or embezzling property or converting property *to the other person's own use*.
>
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.
>
> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise. [Emphasis added.]

Although the language of MCL 600.2919a "is rooted in common-law conversion, the tort established in MCL 600.2919a(1)(a) is not the same as common-law conversion." *Aroma Wines*, 497 Mich at 361. "Rather, the separate statutory cause of action for conversion 'to the other person's own use' requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Id*.

In this case, when defendant moved the trial court to set aside the default and default judgment, he attached a verified statement of facts. In relevant part, the verified statement included averments that defendant "never seized, took custody of, possessed, converted, and/or sold any of [plaintiff's] personal property from or at 516 4th Street in Pinconning," and defendant "never directed anyone I know and never directed any agent to seize, take custody of, possess, convert, and/or sell any of [plaintiff's] personal property from or at 516 4th Street in Pinconning." While these statements may otherwise appear to present a defense to plaintiff's conversion claim, defendant admitted in the verified statement that he placed a lock on the leased building space after finding that "a lock of unknown origin was placed on [his] building."

Conversion occurred when defendant interfered with plaintiff's dominion over his property by locking plaintiff out of the leased premises. See *Gum v Fitzgerald*, 80 Mich App 234, 238; 262 NW2d 924 (1977) ("This Court finds that a conversion did occur when defendants interfered with plaintiffs' dominion over their property by locking them from the rental premises.").[2] Furthermore, as it relates to statutory conversion, plaintiff stated in an affidavit that when he communicated with defendant to resolve the dispute, defendant indicated that he intended to sell plaintiff's own property *to plaintiff* and allow others access to plaintiff's property. Accordingly, the available evidence establishes that defendant employed the converted property for some purpose personal to the defendant's interests, even though that purpose may not have been the ordinarily intended purpose of plaintiff's personal property. See *Aroma Wines*, 497 Mich at 361. Defendant's verified statement of facts does not dispute this allegation. Therefore, defendant failed to present a meritorious defense because he did not show that plaintiff cannot prove or that defendant can disprove an element of conversion.

Because defendant failed to show good cause or establish a meritorious defense, the trial court did not abuse its discretion when it denied his motion to set aside the default and default judgment under MCR 2.603(D)(1).

### B. RELIEF FROM JUDGMENT UNDER MCR 2.612(C)(1)(f)

Defendant alternatively argues that he was entitled to have the default and default judgment set aside because doing so would not affect the substantial rights of plaintiff and extraordinary circumstances exist in this case because plaintiff only made "untested" allegations that defendant stole plaintiff's property. We disagree. We review the trial court's decision for an abuse of discretion. *Saffian*, 477 Mich at 12.

MCR 2.612(C)(1) provides:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

---

[2] This case was decided before November 1, 1990, and, therefore, it is not binding precedent, MCR 7.215(J)(1), but it can be considered persuasive authority, *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

In this case, defendant relies on MCR 2.612(C)(1)(f). The following three requirements must be met for defendant to receive relief under MCR 2.612(C)(1)(f):

> (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. [*Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999).]

"Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Id*. at 479.

Defendant provides conclusory statements that the appropriate reason for setting aside the judgment does not fall under subsections a through e, and setting aside the judgment will not detrimentally affect plaintiff's substantial rights. Defendant further argues that the extraordinary circumstances present in this case are that plaintiff, "without explicit proof, has made untested allegations . . . that [defendant] stole his personal property when, in fact, he did not." For the reasons discussed earlier, defendant's admission that he placed a lock on the leased building space established that defendant converted plaintiff's property. Accordingly, plaintiff's claim of conversion, although perhaps "untested" at the time the default was entered, was later supported by defendant's admission. Furthermore, "a default settles the question of liability as to well-pleaded allegations . . . ." See *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 89; 985 NW2d 225 (2022) (quotation marks and citation omitted). Therefore, concluding that the "untested" nature of a plaintiff's allegations constitutes extraordinary circumstances would result in every default being set aside once a motion is made under MCR 2.612(C)(1)(f). Such a result is not tenable. Moreover, defendant has failed to show that plaintiff obtained a default judgment through improper conduct. See *Heugel*, 237 Mich App at 479.

Therefore, the trial court did not abuse its discretion when it denied defendant's motion to set aside the default and default judgment under MCR 2.612(C)(1)(f).

## C. DAMAGES

Defendant argues that plaintiff failed to show by a preponderance of the evidence that he suffered damages in the amount awarded by the trial court. Defendant posits that plaintiff's testimony was speculative because plaintiff did not "produce any receipts or other verifiable documentation to establish the cost or even existence of these items." We disagree.

This Court reviews a trial court's decision on the issue of damages after a bench trial for clear error. *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 255; 792 NW2d 781 (2010); *Marshall Lasser, PC v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002). Clear error exists when, after reviewing the record, this Court is left with a firm and definite conviction that a mistake has been made. *Marshall Lasser, PC*, 252 Mich App at 110.

MCR 2.603(B)(3)(b) provides:

> If, in order for the court to enter a default judgment or to carry it into effect, it is necessary to
>
> > (*i*) take an account,
> >
> > (*ii*) determine the amount of damages,
> >
> > (*iii*) establish the truth of an allegation by evidence, or
> >
> > (*iv*) investigate any other matter,
>
> the court may conduct hearings or order references it deems necessary and proper, and shall accord a right of trial by jury to the parties to the extent required by the constitution. [Emphasis added.]

MCL 600.2919a(1)(a) provides that a person damaged as a result of "[a]nother person's stealing or embezzling property or converting property to the other person's own use" "may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees."

In a civil action, the plaintiff "bears the burden of proving damages by a preponderance of the evidence." *Jackson v Bulk AG Innovations, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356935); slip op at 1. "The general rule for the measure of damages for conversion is the value of the converted property at the time of the conversion." *Ehman v Libralter Plastics, Inc*, 207 Mich App 43, 45; 523 NW2d 639 (1994); see also *Willis v Ed Hudson Towing, Inc*, 109 Mich App 344, 349; 311 NW2d 776 (1981). "However, if the property converted does not have a regular market value, the measure of damages is the value of the property to the owner at the time of the conversion." *Ehman*, 207 Mich App at 45. "[D]amages that are speculative or based on conjecture are not recoverable." *Chelsea*, 288 Mich App at 255. "However, it is not necessary that damages be determined with mathematical certainty; rather, it is sufficient if a reasonable basis for computation exists." *Id*. Moreover, "[r]ecovery of damages is not precluded for lack of precise proof, nor must a plaintiff provide mathematical precision in situations of injury where, from the very nature of the circumstances, precision is unattainable, particularly in circumstances in which the defendant's actions created the uncertainty." *Daher v Prime Healthcare Services-Garden City LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358209); slip op at 4-5 (quotation marks and citation omitted). "Public policy demands that,

when damages are not susceptible of precise calculation because of an act of the wrongdoer, the risk of giving more than fair compensation be cast upon the wrongdoer." *Willis*, 109 Mich App at 350. Ultimately, the trial court "must do the best with what is presented to it." *Id*.

Here, damages were established through plaintiff's testimony and his affidavit as lessee of the subject property. Plaintiff testified that he operated a tire and detail shop out of the leased building space, and he had various tools in the building which he used to operate his business. Although plaintiff did not have receipts for the converted property because all his receipts and documentation were missing from the building when he regained access to it, plaintiff's testimony was supported by Wade, who testified that he had visited plaintiff's business about 50 to 60 times and saw the various tools that plaintiff used to operate his business. Furthermore, plaintiff included an affidavit with his motion and brief for entry of default judgment that identified the property he had inside the leased building space, the property that was removed from the building after defendant locked plaintiff out of the space, and the cost to replace the converted property.[3] The affidavit also addressed the lost business income that plaintiff suffered as a result of being locked out of the building. Plaintiff estimated his total loss at $55,979.29, which consisted of $47,429.29 to replace lost property and $8,550 in lost income. Plaintiff requested treble damages in the amount of $167,937.87. Defendant testified that he did not see any "great big tool boxes" in the leased space when he removed the lock from the property, and defendant testified that there were months that went by when plaintiff was never at the leased building space.

The trial court found "the testimony of the plaintiff to be entirely believable and credible." Accordingly, the trial court awarded damages to plaintiff in the amount of $30,000. Because the trial court found that plaintiff was entitled to treble damages under MCL 600.2919a(1), the total amount of damages awarded to plaintiff was $90,000. Given the evidence presented and because this Court defers to the trial court's credibility assessments, the trial court did not clearly err by awarding $90,000 in damages to plaintiff. See *Marshall Lasser, PC*, 252 Mich App at 110.[4]

## III. CONCLUSION

---

[3] Although not argued by defendant, we conclude that the trial court did not clearly err by relying on the estimated cost of replacement of the converted property. Plaintiff's testimony, which the trial court found to be highly credible, was that plaintiff's paperwork and receipts were in a file cabinet in the leased building space, and all of those documents were missing when plaintiff regained access to the space. Therefore, the damages were not susceptible to precise calculation because of defendant's acts and, consequently, the risk of giving more than fair compensation is cast upon defendant. See *Daher*, ___ Mich App at ___; slip op at 4-5; see also *Willis*, 109 Mich App at 350. Nonetheless, the trial court did the best with what was presented to it and, upon its review of the evidence, awarded an amount that was significantly lower than the amount requested by plaintiff. See *Willis*, 109 Mich App at 350.

[4] Defendant does not argue that damages for lost profits are outside the scope of treble damages under MCL 600.2919a in this case. Thus, we do not reach that question.

The trial court did not abuse its discretion by refusing to set aside the default or the default judgment, nor did it clearly err by awarding $90,000 in damages to plaintiff. We affirm.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra